OPINION of the Court, by
Ch. J. Boyxe.
¿This was an ejectment, on the trial of which it appeared that the plaintiff derived title to the land in controversy under a patent bearing date less than twenty years before the commencement of the action; and that the defendant claimed under a patent younger than that of the plain* tiff, hut which issued upon a survey of a settlement and pre-emption made and registered more than twenty years prior to bringing the action; and the defendant proved that he, or some pne claiming under him, had been in possession of the land in contest upwards of twenty years.
On tliis evidence, the plaintiff moved the court to instruct the jury, that the possession of the defendant, or his tenants, for twenty years previous to the commencement of the suit, could not bar his right of recovery; but the court refused to give the instruction, to which the plaintiff excepted : and a verdict and judgment having been given for the defendant, the plaintiff has appealed to this court,
There is no doubt that ap adverse possession for twenty years will toll a right of entry, and consequently bar a recovery in an action of ejectment, But the quea4 tion in this case is, whether the defendant can avail liim-self of his possession anterior to the date pf the plaintiff’s patent, as an adverse possession ? For if he cannot, as the patent issued within less than twenty years be-(⅛⅜ the commencement of the action, it is obviouq ⅞⅜⅛, *555 the court below ought to have given the instrüctidn required by the plaintiff. That the right of entry accrued to the plaintiff only with the emanation of his patent, or in other words that the patent conferred the right of entry, is a proposition width cannot at this day admit bf controversy in this country j and it would certainly be most preposterous to suppose that the defendant’s possession could be adversé to the right of the plaintiff before his right had accrued. It is clear, therefore, that the defendant c&n avail himself of his possession anterior to the date of the plaintiff’s patent only upoii the hypothesis that his possession was adversé to the commonwealth, and would operate to toll or take away her right. But this hypothesis is, we apprehend, without any foundation in principle. The commonwealth may with propriety be said to possess the faculty of ubiquity or omnipresence, inasmuch as she has an existence equally in every part of the state : she must therefore be seized of all the lands in the state which she has Hot granted, and cannot be disseized; and consequently ho one can acquire a seisin in possession adverse to the commonwealth. This is more especially true in a case like the present where the tenant in possession holds professedly under tlie commonwealth, still looking to her for a grant to secure him in his possession. Evert in a cáse where land is held by oné individual Of another, under such circumstances the possession of the tenant cannot be deemed adverse to him under whom it is held, as was decided in the case of Gay vs. Moffit, 2 Bibb 506.
Besides, were the possession of the defendant adversé to the commonwealth, it is perfectly clear that it could not toll or take away her right: for it is a settled doctrine of the common laW, that no laches cárt be imputed to the king, in so much that it has become a maxim* quodnullum témpus occurrlt regi; and the same privilege has been held by the adjudications of this court, as well ás of the court of appeals of Virginia, to belong to the Commonwealth.
It results, therefore, that as the defendant’s pbssessioü ánterior to the daté of the plaintiff’s patent cannot operate to toll either the right of the commonwealth or of the plaintiff, he cannot avail himself of such possessiort to bar a recovery in this case, and that the court bélow Crred iri not so instructing the jury.
Judgmeat reversed with costs*