The Chief Justice
delivered the opinion of the court.
This was an ejectment, cn the trial of which, afteV Chiles,, the lessor of the plaintiff, had deduced a title to *583 himself, under a patent from the commonwealth to Dupe;/, and proven Calk to be in possession, the latter produced in evidence a grant from the commonwealth to Ragland, elder in date than that under which Chiles derived his title, and it was agreed by the parties, that Ragland had theretofore brought an ejectment against Calk for the land in controversy in this case, and that there was a verdict and judgment given for Calk upon the ground that Ragland’s right Of entry had been tolled by Calk’s having been more than twenry years in possession previous to the commencement of the suit by Ragland.
Bibb for appellant. Pope for appellee-.
.A def’t hi may "protect hinjsclf ' by shewing- an than the plaintiff’s— P^’* of¾⅛⅛ his patent ^20 >'ear?
Chiles thereupon moved the court to instruct the jury, that as Ragland’s right of entry was tolled, they should disregard his patent, and that Calk could not avail himself thereof; but the court refused to give the instructions, and instructed the jury that the patent to Ragland, notwithstanding the circumstances aforesaid, was sufficient to bar Chiles’s recovery in this action. To this decision of the Court Chiles excepted, and a verdict and judgment being rendered against him, he has appealed to this court.
The decision of the circuit court, we think, was correct.
The patent under which Chiles derived title being less than twenty years old, Calk could not, as against it, avail himself of twenty years’ possession, because the right of entry could not have accrued until the emanation of the patent and the possession of Calk could not be adverse to the commonwealth, nor would time run against the commonwealth, as was decided in the ease of Chiles vs. Calk, 4 Bibb, 554. Calk could, therefore, only avail himself twenty years’possession, by producing in evidéncé land’s patent, or some other which had emanated more than twenty years before the commencement of this suit. Whether Ragland’s right of entry was tolled Or not, is im-Tnaierial. If it were tolled, it was by Calk’s possession of twenty years, and the right of entry was in Calk;, and if it were not tolled, the right -of entry was still in Ragland; and,-therefore, it could not quacunque via data be in Chiles-The production of Ragland’s patent was, therefore, an availing defence for- Calk.
The judgment must he affirmed with cost.