CASE 15—PETITION ORDINARY—JUNE 20.

## Hartley vs. Hartley.

APPEAL FROM FLEMING CIRCUIT COURT.

The defendant cannot avail himself of his possession anterior to the date of the plaintiff's patent, as an adverse possession. (4 *Bibb*, 554.)

No one can acquire a seizin in possession adverse to the Commonwealth; and lapse of time cannot operate as a bar to the Commonwealth's right of entry upon lands not granted by her.

A patent cannot be avoided at law in a collateral proceeding by matters *dehors* the patent, unless it is declared void by statute, or its nullity indicated by some equally explicit statutory denunciation.

*Chapter* 102 *of the Revised Statutes* repealed prior statutes upon the subject of the location and appropriation of land in possession of an actual settler thereon.

Under the statute, *supra*, a patent cannot be declared void, in a collateral proceeding, unless it embraces land previously entered, surveyed, or patented, in which case it is declared void by the statute so far as land is embraced which has been previously entered, surveyed, or patented.

*Quere.* Might not the defendant, having a preemption right under the statute, *supra*, rely upon it as an equitable defense *pro tanto* in his answer, upon taking the proper steps to secure the trial of the issue formed upon it on the equity side of the docket?

The court may instruct the jury as to what facts they must, for the purposes of the action, regard as true because not controverted by the answer.

ANDREWS & COX and JOHN M. HARLAN, for appellant, cited *Rev. Statutes, chap.* 102; *acts of* 1831 *and* 1835; 4 *Dana*, 321.

Hartley vs. Hartley.

WM. S. BOTTS, for appellee, cited 2 *Bibb*, 416–17 ; 3 *Marshall*, 255; 3 *Litt.*, 37 ; 5 *Ib.*, 321 ; 4 *Bibb*, 554 ; *act of* 1831, 2 *Stat. Law*, 1037 ; *act of* 1835, 3 *Stat. Law*, 387 ; 6 *B. Mon.*, 290–1 ; 5 *Dana*, 544, 547 ; 4 *Dana*, 322.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

The appellee claimed the land in controversy in this action under and in virtue of two patents issued to him by the Commonwealth in June, 1857, upon an entry and survey made under an order of the Fleming county court, as authorized by *chapter* 102 *of the Revised Statutes*. There is no doubt that the land is covered by these patents, one or both.

The appellant has not exhibited any evidence of title in himself, derived regularly from the Commonwealth. The character of his claim was shown by his answer to the petition of the appellee, which was filed in the circuit court. But he attempted, by evidence, to show that he was an actual settler upon the land, and that he and those under whom he claimed had been in the adverse possession of the land for more than twenty years before the commencement of the appellee's action.

The question is then at once presented, can appellant avail himself of this possession, even if it be regarded as proved, anterior to the date of appellee's patents, as an adverse possession?

The right of entry accrued to appellee only with the emanation of his patents, or in other words, the right of entry was conferred by those patents ; and it would be preposterous to suppose that appellant's possession could be adverse to the right of appellee before his right accrued.

Appellant then can avail himself of his possession anterior to the date of the grants to appellee only upon the hypothesis that his possession was adverse to the Commonwealth. But it has been decided by this court, that inasmuch as the Commonwealth is seized of all the land in the State which she has not granted, and cannot be disseized, that no one can acquire a seizin in possession adverse to the Commonwealth. And that lapse of time cannot operate as a bar to the Commonwealth's

right of entry upon land not granted by her. (*Chiles vs. Calk,* 4 *Bibb,* 554.)

In this particular case it was necessary for the appellant, in order to make the possession for more than twenty years available as a bar, to prove that the land in controversy was within the boundary of the patent to Trotter. It was therefore not erroneous for the circuit court to instruct the jury that they must find for the plaintiff, if they believed, from the evidence, that the land in controversy was embraced by his patents, unless they believed that it was covered by Trotter's patent; provided there is no statutory provision by which plaintiff's patents were made void and his claim invalidated.

It is therefore necessary that we inquire if there be any such provision.

In the case of *Pearson vs. Baker, &c.,* (4 *Dana,* 321,) it was decided that the act of 1831, entitled, "an act to prevent further confliction in land claims, and to secure to seaters and improvers a preference of location to lands improved by them," (2 *Stat. Law,* 1037,) did not make the survey or patent void which emanated in derogation of its provisions, but merely inhibited the appropriation, so as to include lands improved or cultivated, enclosed or in the use and occupation of another. And that a patent cannot be avoided at law in a collateral proceeding by matters *dehors* the patent, unless it is declared void by statute, or its *nullity* indicated by some equally explicit statutory denunciation.

This statute of 1831 provided that no survey or grant should thereafter issue for lands belonging to the Commonwealth, so as to include the improvement of an actual settler, without giving him notice. But the failure to give such notice as the statute required did not make the patent void. (*Pearson vs. Baker, &c., supra.*)

By the statute of 1835, entitled, "an act to appropriate the vacant lands in this Commonwealth, north and east of the Tennessee river, to the counties in which they lie, for the purpose of internal improvement," it was declared that "no location or appropriation of land whatever under this act shall prevail against any actual settler including to his boundary, whether

such settler has any title in law or equity deducible from the Commonwealth or not, provided he has either a deed or a bond for the land; and every survey or patent which interferes with the settlement or boundary of any such actual settler shall be utterly void."

The chapter 102 of the Revised Statutes, under which the entry and survey of appellee were made and patents were issued, must be regarded as the only statute in force which relates to the points now before the court.

The statutes previously in force, relating to the same subject, were repealed by the act which adopted the Revised Statutes, not being within any of the exceptions from the repealing clause, as we conceive.

By the chapter of the Revised Statutes cited above, any person wishing to locate land in the possession of an actual settler thereon, is required to give the settler three months notice of his intention to take up and appropriate the same; and a preemption right, to any number of acres not exceeding one hundred, to be laid off in a square, as near as possible, so as to include the improvement in the center, is given to the settler. But the statute does not declare a patent *void*, if these provisions of the statute are not complied with:

In view of the decisions of this court, heretofore rendered, the patents of the appellee cannot, in this collateral proceeding, be declared void, unless they embrace land previously entered, surveyed, or patented. In the state of case last named, the statute declares expressly that the entry, survey, and grant shall be void, so far as land is embraced which has been previously entered, surveyed, or patented.

Unless then the land in contest was within the patent boundary of the grant to Trotter, (for there is no pretext for insisting that it is within any other,) the patents of appellee cannot, in this action, be held void.

It follows that upon the case presented the instructions given by the circuit court were correct, and there was no error in refusing the two instructions which were asked by the appellant and refused by the court.

Hartley vs. Hartley.

It may be, that the appellant had a preemptive right to the extent of one hundred acres to be laid off as directed by the statute, which might have been used as an equitable defense *pro tanto* to plaintiff's action, if it had been properly presented in the answer, and the appropriate steps taken to secure the trial of the issue formed upon it, on the equity side of the docket. But no such defense was presented by the answer, and we do not see that there was any legal bar to a recovery, if the jury did not believe that the land was within the boundary of Trotter's patent, And this was a question of fact distinctly presented to and passed upon by them.

It is insisted by the counsel of appellant, that the instructions given at the instance of appellee are erroneous, because the jury were not required to believe, from the evidence, that the land was in possession of the appellant at the commencement of the action, and that it was in the county of Fleming.

To this it is sufficient to answer that these were facts not put in issue by the answer of the defendant (now appellant.) Every material allegation of the petition not specifically controverted by the answer    *    *    *    *    must, for the purposes of the action, be taken as true. (*Civil Code, sec.* 153.) The court might very properly have instructed the jury that they must, for the purpose of the action, regard these facts as true, because they were not controverted.

The judgment of the circuit court *is affirmed.*