Case 34.—ACTION BY J. N. SODEN AND OTHERS AGAINST J. M. GRAY TO RECOVER LAND.—April 12.

## Gray v. Soden, &c.

Appeal from Lyon Circuit Court.

Thos. P. Cook, Circuit Judge.

Judgment for plaintiffs. Defendant appeals. Affirmed.

Land—Title Bond to Husband—Subsequent Patent to Widow— Sale by Widow—Title in Children—Improvements.

1. Land—Title Bond—Purchase by Husband—Subsequent Patent to Widow—Effect—Where the husband took possession of a tract of land under a title bond, and held it adversely and continuously for thirty years, the fact that his widow after his death procured a patent for it from the Commonwealth does not affect the interest of the husband's children therein, who claim as his heirs subject to the widow's life estate; and a sale of which land by the widow passed to the purchaser only the use of same during the life of the widow.

2. Improvements—A purchaser of land from a widow who has only a life estate therein is not entitled to recover for improvements made thereon and make the heirs responsible therefor.

E. H. JAMES for appellant.

We contend:

1. The court erred in adjudging the heirs of Jacob Stephens to be the owners of the land. Jacob Stephens may have possession of the land for over thirty years, but that did not bar the Commonwealth's right of entry upon it as he could not hold adversely to the Commonwealth. It may be conceded that Jacob Stephens had the pre-emption right to the land, but when he died the right died with him; the widow remained in possession and exercising that right by having the land patented and acquired a perfect title thereto under her patent. She had a right to sell it.

If the only right of Jacob Stephens ceased at his death, then his heirs had no interest therein.

2. The court erred in refusing to allow appellant for the improvements made by him on the land.

These improvements were made in good faith by appellant, he believing himself to be the owner of the land by reason of his purchase and deed. (Ky. Stats., sec. 28; Heartley v. Heartley, 3 Met., 56; 4 Bibb, 554, and cases cited.)

NEWTON W. UTLEY for appellees.

1. The proof clearly shows that Jacob Stephens lived on the land in controversy for over thirty years and claimed to own it; that he bought it from Daniel Hillman, who gave him a "title bond" therefor, the said Hillman having had peaceable possession thereof for many years prior to his sale to Stephens.

2. We claim that by virtue of this claim and possession the land belonged to Stephens, and at his death passed to his children, subject to the dower right of the widow therein.

3. Appellees claim that the transaction between Nancy Stephens and appellant was in violation of sec. 210 Ky. Stats., and that appellant was barred to plead the transaction as a defense. (Ky. Stats., secs. 210, 211, 212; Shaw v. Revel, 19 Ky. Law Rep., 348; Sutton v. Pollard, 96 Ky., 640, and cases cited; Logan v. Ball, &c., 78 Ky., 607, and cases cited.)

OPINION BY JUDGE PAYNTER—Affirming.

Jacob Stephens died some years ago, leaving a widow, Nancy Stephens, and some children and descendants of deceased children. The intestate left a tract of land containing 93 acres. After his death the widow continued to hold it for some time, and then sold it to the appellant. Gray claimed title to it by virtue of that sale, whereupon the appellees, heirs at law of the intestate, instituted this action to recover it. The evidence shows that Jacob Stephens purchased the land from one Hillman, and received a title bond therefor, under which he occupied and claimed it until his death. The appellees and those through whom they claim were in the adverse possession of the land for more than thirty years, claiming it as their own. The widow was entitled to a homestead in the land, and at her death it went to

the heirs at law of the intestate. This is denied, however, because it is averred by the appellant that no patent was ever issued for the land until one was issued to the widow after the death of her husband, and by reason of that fact she became the owner of the fee-simple title to the land, and that her conveyance to him vested him therewith. It is urged that the long possession by the appellees and those through whom they claim does not avail them. The statute of limitations never runs against the Commonwealth, unless the statute expressly provides that it may do so. The statute authorized the application of the statute of limitations against the Commonwealth. Sec. 2523, Ky. Stats., 1903, reads as follows: "The limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision." This statute was part of the Rev. Stats. at the time Hartley v. Hartley, 3 Metc., 56, was decided. In that case this court announced the same rule that was announced in Chiles v. Calk, 4 Bibb, 554, wherein it is held that no one can acquire a seizin in possession adverse to the Commonwealth, and that the lapse of time cannot operate as a bar to the Commonwealth's right to enter upon land not granted by her. The statute we have quoted was in effect when the opinion in Hartley v. Hartley was delivered, but the court does not seem to have taken any notice of it. The section quoted is part of the chapter containing the law of limitation as to real property, and by its terms it must apply to the Commonwealth the same as an individual. Our attention has not been called to any opinion of this court wherein the statute to which reference is made has

been applied. If the statute of limitations does not apply, then the appellant failed to sustain the issue tendered by him that there had not been a grant to any one by the Commonwealth previous to the one made to the widow. No proof was taken upon this issue.

The appellant was not entitled to recover for improvements, because the widow simply had a life estate, and he could not make improvements on the land any more than the widow could have done, and made the heirs responsible therefor. The appellant did not have any greater interest in the title to the land than did the widow, and that was to the use of it during her life.

The judgment is affirmed.