## Scott, et al. v. Scott, et al.

(Decided March 14, 1919.)

### Appeal from Pike Circuit Court.

1. Waste—Action by Remaindermen Against Purchaser From Life Tenant—Evidence—Sufficiency.—In an action by remaindermen against a purchaser from the life tenant to recover for timber cut and removed, a judgment for $200 held erroneous, since the evidence authorized a finding of only $137.13.

2. Vendor and Purchaser—Breach of Warranty—Vendor's Liability for Counsel Fees and Cost.—In an action by remaindermen to correct the record of a deed, and to quiet their title to the remainder interest in the land against a purchaser from the life tenant, by deed containing a covenant of general warranty, and purporting to convey the entire title, the defendant was entitled to recover on the warranty the full amount of the cost and attorneys' fees incurred in defense of his title, where the correction of the record was a necessary step in order that plaintiffs' title to the remainder interest in the land might be quieted.

3. Estoppel—Vendor and Purchaser—Breach of Warranty—Arbitration and Award—Abandonment.—A purchaser of land is not estopped to rely on a covenant of warranty by an agreement to arbitrate, where the agreement was never carried out but was abandoned.

4. Trusts—Trustees Ex Maleficio—Equitable Liens.—Where vendors not only conveyed land by deed containing a covenant of general warranty, and purporting to convey the entire title, but also fraudulently represented that they were the owners of the entire title, and it subsequently developed that they were the owners of only a life estate in the property, they became trustees for the purchaser of that portion of the purchase money for which there was no consideration, and the trust attached to land bought with such purchase money, and entitled the purchaser to an equitable lien thereon.

5. Life Estates—Improvements—Charge on Remainderman.—A life tenant, even though he may believe in good faith that he is the owner of the fee, is not entitled to a lien as against the remain-

derman, for the enhancement of the property by reason of his improvements, and the purchaser from the life tenant, though honestly. believing that he acquired the fee, is entitled to no greater rights than the life tenant himself.

CHILDERS & CHILDERS for appellants.

ROSCOE VANOVER and WILLIS STATON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing upon appeal and affirming upon cross-appeal.

This is the second appeal of this case. The opinion on the former appeal may be found under the title of Scott v. Scott, 172 Ky. 658, 190 S. W. 143.

On November 30, 1891, Crit Scott conveyed a tract of land in Pike county to his wife, Pricy Scott, and her bodily heirs by Crit Scott. On January 20, 1902, Pricy Scott and Crit Scott conveyed the same land to John W. Scott and wife by deed containing a covenant of general warranty, and purporting to convey the fee simple title. Thereafter, Daisy Scott and others, children of Pricy Scott and Crit Scott, brought suit against John W. Scott and wife to correct the record of the deed of November 30, 1891, from Crit Scott to his wife, and to quiet their title to their remainder interest in the land. On the hearing below, the petition was dismissed, but on appeal it was held that the plaintiffs were entitled to have the record of the deed corrected and their title to the remainder interest quieted. At the same time, the court declined to pass on the liability of Pricy Scott and Crit Scott under their covenant of warranty, or on the question of waste and improvements, but remanded the case with directions to the chancellor to consider and pass on these questions after the parties had been given an opportunity to take further proof if they desired. On the return of the case, further evidence was heard as to the amount of timber cut and removed by John W. Scott and wife. On final hearing, plaintiffs were given judgment against the defendants, John W. Scott and wife, for the sum of $200.00 for timber cut and converted to their own use. John W. Scott and wife were given judgment against Crit Scott for the sum of $175.00 for costs and attorneys' fees incurred in defending the title conveyed to them by Crit Scott and Pricy Scott. It was further adjudged that Pricy Scott's life interest in the $1,000.00, paid as consideration for the land in contro-

versy, was worth $702.50, and for the balance of $297.50, with 6% interest thereon from January 20, 1902, until paid, John W. Scott and wife were given judgment against Crit Scott and were awarded a lien therefor on the land purchased by Crit Scott with the purchase money and conveyed to Pricy Scott. The claim of John W. Scott and wife for improvements was disallowed. From that part of the judgment, denying their claim for improvements and adjudging plaintiffs a recovery of $200.00 for timber cut, and awarding them only the sums of $297.50 and $175.00 for breach of warranty, John W. Scott and wife appeal. From that portion of the judgment awarding John W. Scott and wife the sum of $297.50 and a lien on the land of Pricy Scott, Crit Scott and Pricy Scott prosecute a cross-appeal.

The only evidence as to the amount of timber cut and removed by John W. Scott and wife is that prior to the suit he cut 42 trees, of the value of $1.00 per tree, and that after the suit was brought he cut 47,565 feet of lumber, worth $2.00 per thousand in the tree, or the sum of $95.13. Under this proof, plaintiffs were entitled to recover $42.00 plus $95.13, or the sum of $137.13 and no more, and it was error to render judgment in their favor for $200.00.

John W. Scott testified that the costs and counsel fees, incurred in defending the title, amounted to $209.00, and there is no evidence to the contrary. The chancellor seems to have proceeded on the theory, that as a portion of this cost was incurred in resisting the correction of the deed, Crit Scott should not be held liable on his warranty for that, and therefore gave judgment for only $175.00. As a matter of fact, however, the correction of the record of the deed was a necessary step in order that plaintiffs' title to the remainder interest in the land might be quieted. That being true, the whole expense was incurred in defense of the title, and John W. Scott and wife are entitled to recover on the warranty of Crit Scott and wife the amount so expended, or the sum of $209.00.

But it is suggested that there should be no recovery on the warranty since John W. Scott and wife are estopped to insist on the warranty, because they and their grantors agreed to rescind the trade and submit the matter to arbitration. It does not appear, however, that the arbritation agreement was ever carried out. On the

contrary, it was abandoned. That being true, there is no ground for estoppel.

It is further insisted on the cross-appeal that John W. Scott and wife should not have been adjudged a lien on the tract of land purchased and conveyed to Pricy Scott for the $297.50 and interest, or that portion of the purchase price of the tract in controversy for which they received no consideration. In Pomeroy's Eq. Jur., sec. 155, the author says, citing many cases: "If one party obtains the legal title to property, not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner." And again, in section 1053: "In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influences, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interests, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquire a higher right, and takes the property relieved from the trust. The forms and varieties of these trusts, which are termed *ex maleficio ex delicto*, are practically without limit. The principle is applied wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrongdoer." And citing the foregoing principles, the United States Supreme Court, in the case of Angle v. Chicago, St. Paul, M, & O. R. Co., 151 U. S. 1, 38 L. Ed. 55, laid down the rule that whenever the legal title to property has been obtained through actual fraud, equity impresses a constructive trust upon the property thus acquired, in favor of one

who is truly and equitably entitled thereto. Here, the grantors, Crit Scott and Pricy Scott, not only conveyed the land purchased by John W. Scott and wife by deed containing a covenant of general warranty, and purporting to convey the entire title, but they fraudulently represented that they were the owners of the entire title. Furthermore, the evidence leaves no doubt that the purchase money which they received was invested in the tract of land conveyed to Pricy Scott. That being true, they obtained by actual fraud that portion of the purchase money for which there was no consideration. To that extent, they became trustees of John W. Scott and wife, and the trust attached to the land purchased with the money, thus entitling John W. Scott and wife to an equitable lien thereon.

There is no basis for awarding John W. Scott and wife a lien on the land in controversy for the improvements to the extent that they enhanced the vendible value of the land. It is the well established rule in this state that a life tenant, even though he may believe in good faith that he is the owner of the fee, is not entitled to a lien as against the remaindermen, for the enhancement of the property by reason of his improvements, and a purchaser from the life tenant, though honestly believing that he acquired the fee, is entitled to no greater rights that the life tenant himself. Wilson v. Hamilton, et al., 140 Ky. 327, 131 S. W. 32; Gray v. Soden, 120 Ky. 277, 86 S. W. 515; Frederick v. Frederick's Admr., 102 S. W. 858, 13 L. R. A. (N. S.) 514.

On the cross-appeal the judgment is affirmed. On the original appeal the judgment is reversed, with directions to enter judgment in conformity with this opinion.