## Hager v. Connolly, et al.

(Decided July 1, 1924.)

### Appeal from Pike Circuit Court.

1. Life Estates—Purchase by Life Tenant Deemed for Benefit of Remainderman.—Purchase of land by life tenant at sale to enforce lien on property will be deemed to have been made for benefit of remainderman, if he contributes his portion of purchase money within reasonable time, and such is true as to one who, though not technically life tenant, is in possession with right of occupancy, an advantage which she could not use to prejudice of remainderman.

2. Life Estate—Trusts—Where Purchase Money Paid from Former Husband's Estate and Another, Unnecessary for Remainderman to Plead Offer of Reimbursement where Life Tenant or Trustee Purchases Land at Sale to Satisfy Lien.—Where life tenant or person in possession as trustee for remainderman purchased land at sale to enforce lien, purchase money being paid by former husband's estate and another who acted in behalf of truseee's daughter, it was unnecessary for remainderman to plead willingness to reimburse trustee as condition precedent to recovery of property.

3. Wills—Devisee Not Innocent Purchaser where Testator had no Title.—Where testator had no title but held in trust for remainderman, in that land was purchased at sale to satisfy lien, devisee was not innocent purchaser for value and took title subject to enforcement of trust.

4.  Life Estates—No Lien for Improvements as Against Remainder-
    man.—A life tenant, though he may believe in good faith that he
    is owner of fee, is not entitled to lien as against remainderman
    for improvements, and even purchaser from life tenant, though
    honestly believing he acquired fee, is entitled to no greater rights,
    and this applies where premises are occupied by virtue of home-
    stead right; occupant holding legal title in trust for remainder-
    man.

HAGER & STEWART and J. E. CHILDERS for appellant.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. M. Connolly died intestate in the year 1897, leav-
ing a widow, Mary J. Connolly, and two children,. Nona
C. Bowles, wife of C. C. Bowles, and W. H. Connolly,
who died intestate in the following year leaving Frank
A. Connolly and Winston M. Connolly as his only heirs
at law. W. M. Connolly owned several tracts of land,
including lots Nos. 6 and 7, in the city of Pikeville. Lot
No. 7 was unencumbered, but on Lot No. 6 there was a
vendor's lien in favor of the Ferrell estate for about
$1,000.00. On the other hand, the Ferrell estate was in-
debted to the Connolly estate in a less sum.

At the time of his death W. M. Connolly conducted
a hotel situated on lots Nos. 6 and 7. In a suit for the
settlement of his estate the Ferrel estate was adjudged
a lien on lot No. 6 for the amount of its debt and interest,
and his widow was allotted a homestead in lots Nos. 6 and
7 subject to the vendor's lien. As the hotel was located
on both lots Nos. 6 and 7, the two lots were adjudged in-
divisible and sold as a whole on March 18, 1901. Mary
J. Connolly, the widow, became the purchaser at the
price of $1,001.00. The sale bond was paid by cancelling
the indebtedness due from the Ferrell estate to the Con-
nolly estate and by the check of C. C. Bowles for the bal-
ance, amounting to $250.00. On October 8, 1901, the com-
missioner conveyed the property to Mrs. Connolly by
deed reciting that the sale bond executed by her for the
purchase price had been satisfied.

In the year 1904, Mrs. Connolly married John L.
Hager, and they continued to conduct the hotel on the
lots purchased until it was destroyed by fire. Thereafter
another large frame residence was constructed on the
lots by Mrs. Hager, and certain improvements were also

made by her husband. The two continued to occupy the property until Mrs. Hager's death in 1920. Mrs. Hager left a will by which she devised a portion of the property to her husband, John L. Hager, and other portions to her daughter, Mrs. Bowles, and her two grandchildren, Frank A. Connolly and W. M. Connolly.

This suit in which Nona C. Bowles afterwards joined was brought by Frank A. Connolly and W. M. Connolly to recover the property devised to John L. Hager. The ground on which a recovery was sought was that Mrs. Hager held the property in trust for plaintiffs and had no estate which she could devise to her husband. On final hearing the chancellor sustained this contention and gave plaintiffs judgment for the land subject to a lien in favor of John L. Hager for $520.06, which he had paid out for the benefit of plaintiffs. Hager appeals.

It is uniformly held that the purchase of land by a life tenant at a sale to enforce a lien on the property will be deemed to have been made for the benefit of the remainderman if he contributes his portion of the purchase money within a reasonable time. 17 R. C. L. 640; Peake v. Peake, 228 Mo. 536, 128 S. W. 981, 137 A. S. R. 638. The reason for the rule is that there is a confidential relation between the life tenant and the remainderman growing out of the duty of the life tenant to discharge the interest on the encumbrance and otherwise preserve the property, and also out of the exclusive possession, care, control and enjoyment of the entire estate, which places him in a position of great advantage, and in a large measure excludes the remainderman from protecting his own rights and interest in and to the land. Peake v. Peake, *supra*. With one or two exceptions, where the question does not seem to have received careful consideration, our decisions are to the same effect. In the early case of Morgan's Heirs v. Boone's Heirs, 4 T. B. Mon. 291, 16 Am. Dec. 153, the court said:

> "It is a general principle that if a trustee, mortgagee, tenant for life or purchaser, gets an advantage by being in possession, or behind the back of the party interested, and purchases in an outstanding title or encumbrance, he shall not use it for his own benefit, and the annoyance of him under whose title he entered, but shall be considered as holding it in trust. It is sufficient for this doctrine to refer to the case of Holridge v. Gillespie, 2 Johns, ch. 33, 34,

·in which Chancellor Kent has given references to many cases, old and new.   . . .

"A court of equity will lend its aid in reimbursing or securing all reasonable and fit advances by an agent, trustee or purchaser, to fortify the title, but will never permit or aid an attempt to betray or invalidate the title."

To the same effect are Bowling's Heirs v. Dobyn's Admr., 5 Dana 434; Daviess v. Myers, 13 B. Mon. 511, 19th & Jefferson Sts. Presbyterian Church v. Phythian, 29 S. W. 143; Slusher v. Slusher, 102 S. W. 1188; Jordan v. Sheridan, 149 Ky. 783, 149 S. W. 1028. In the last mentioned case John Jordan died childless, leaving a widow. He owned property of less value than $1,000.00. The house and lot were sold for taxes which accrued in the lifetime of Jordan, and the widow became the purchaser. She held the property until her death when a dispute arose between her heirs and her husband's heirs as to the ownership of the property. It was held that she took the title for the joint benefit of herself and the remaindermen, that her interest was that of a tenant at will or for life, and that she had merely a lien upon the land for the amount expended by her. The case in hand cannot be distinguished. While not technically a life tenant, Mrs. Hager was in possession with the right of occupancy, a position which gave her an advantage which she could not use to the prejudice of the remaindermen. Moreover, the trust relation which she bore to the remaindermen was further accentuated by the fact that all the purchase money was paid by her former husband's estate and her son-in-law, who acted in behalf of his wife, a circumstance which also made it unnecessary for the remaindermen to plead an offer of reimbursement or their willingness to reimburse as a condition precedent to the recovery of the property. As Mrs. Hager had only a homestead right in the property, and held the legal title in trust for the remaindermen, it results that appellant, who was a mere devisee and not an innocent purchaser for value, took title subject to the enforcement of the trust, and the chancellor did not err in so holding. Hill v. Fleming, 128 Ky. 206, 107 S. W. 764.

But it is insisted that appellant's claim for improvements made by himself and wife should have been sustained to the extent that they enhanced the vendible value of the property. It is the rule in this state that a life

tenant, even though he may believe in good faith that he is the owner of the fee, is not entitled to a lien as against the remaindermen for the enhancement of the property by reason of his improvements, and even a purchaser from the life tenant, though honestly believing he acquired the fee, is entitled to no greater rights than the life tenant had.  Scott v. Scott, 183 Ky. 604, 210 S. W. 175.  As Mrs. Hager occupied the premises only by virtue of her homestead right, and held the legal title in trust for the remaindermen, there was no such difference in her situation from that of a life tenant as would sustain a claim for improvements, whether made by her or her devisee.

Judgment affirmed.