## WHEELER et al. v. KAZEE.

Court of Appeals of Kentucky.

Dec. 12, 1952.

Wheeler & Wheeler, Paintsville, for appellants.

W. H. Meade, Paintsville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment finding that a life tenant, who had purchased the property at a lien foreclosure sale and had received a commissioner's deed therefor, did not get a fee-simple title thereby in derogation of the remainder interest of the appellee, and that her attempt to devise the property to the appellee and to the appellants, his half-brother and two half-sisters, in equal shares, was ineffectual.

Appellee, Edgar Poe Kazee, was the son of Levisa Kazee and E. L. Kazee, both deceased. The appellants are the children of Levisa by her second husband, Henry Wheeler, deceased. E. L. Kazee and Levisa were married about 1889 and the appellee was born in 1892. During the year of appellee's birth his father purchased the lot in question for $150, with the vendor retaining a $50 lien thereon, evidenced by a note due two years thereafter. On January, 10, 1898, when appellee was six years of age, his parents deeded the property to him retaining, however, a life estate in themselves.

Shortly thereafter the father, E. L. Kazee, left Kentucky and Levisa obtained a divorce. On June 12, 1900, Walter S. Harkins, the vendor's assignee of the note, of which $37 was still due, instituted a foreclosure suit. On January 7, 1901, the property was sold at public auction, Levisa purchased it, and received a commissioner's deed therefor. The appellee was a party to the foreclosure sale, and there is no contention about the regularity and propriety of that proceeding.

On July 27, 1950, Levisa died testate attempting to devise the property in equal shares to her four children, the appellee and the appellants, and the appellee then instituted this action seeking a declaration of rights.

In the 1898 deed to appellee, his parents conveyed him what purported to be an unencumbered remainder interest and, while the vendor's lien which they had created when they purchased the property constituted a cloud on the title, nevertheless his parents were the ones personally liable to pay that obligation. Restatement of the Law of Property, Section 149, page 488. We therefore do not consider it of any legal consequence in this particular case that the infant remainderman did not contribute a portion of the purchase money at the foreclosure sale.

■ We think it clear that the mother was primarily interested in protecting her interest in this real estate when she bought it at the foreclosure sale in 1901 and obtained a commissioner's deed therefor. She knew of her young son's remainder interest, and it is fair to presume that she did not intend her purchase to destroy it. Even had she so intended, the law would not have permitted her to so destroy it. It has been held that the relationship between a life tenant and a remainderman is of a fiduciary nature, and that the purchase by a life tenant at a foreclosure sale is for the protection of both interests. Nineteenth & Jefferson St. Presbyterian Church v. Fithian, 16 Ky. Law Rep. 581, 29 S.W. 143; Superior Oil Corp. v. Alcorn, 242 Ky. 814, 47 S.W.2d 973; First National Bank of Grayson v. Holbrook, 309 Ky. 326, 217 S.W.2d 787; Hager v. Connolly, 204 Ky. 147, 263 S.W. 723; 33 Am.Jur., pages 999, 1000; 31 C.J.S., Estates, §§ 34, 35, pages 43, 44, 45; Restatement of the Law of Property, Section 150, page 493.

■ As to the appellants' contention that the statute of limitations began to run against the appellee in 1912, or shortly thereafter, when the appellee discussed his interest in the property with his mother after the receipt of a letter from his father informing him of his remainder interest in the real estate, it is clear from the testimony that the mother did not on that occasion or at any other time unequivocally notify the appellee that she was claiming a fee simple title to the property in derogation of his remainder interest. Her possession was wholly consistent with her life interest and his remainder interest. As stated in 31 C.J.S., Estates, § 66:

"As a general rule, the possession of a life tenant * * * is not adverse to the remainderman or reversioner. * * * The life tenant * * * is not presumed or deemed to hold adversely to the remainderman before the death of the life tenant; on the contrary, the presumption is that the possession of * * * one holding under or through him is not adverse. These principles have their basis in the rule that, during the existence of the life estate, the remainderman or reversioner has no right to possession and consequently cannot bring an action to recover it.

"* * * It is sometimes broadly stated that a life tenant cannot by his declarations, acts, or claims of a greater or different estate, make it adverse so as to enable himself or those claiming under him to invoke the statute of limitations. * * *

"In any event, the possession of one holding a life estate does not become adverse to the holder of the future estate unless the life estate is renounced, and notice is clearly conveyed to the remaindermen that their property is being held or claimed adversely and not under the life tenancy. The remainderman is not charged with the duty of keeping his estate under constant observation".

See Salyer's Guardian v. Keeton, 214 Ky. 643, 283 S.W. 1015; Forman v. Gault, 236 Ky. 213, 32 S.W.2d 977; Superior Oil Corp. v. Alcorn, 242 Ky. 814, 47 S.W.2d 973; Lake v. Ford, 244 Ky. 803, 52 S.W.2d 724; Howard v. Mitchell, 268 Ky. 429, 105 S.W.2d 128; Adkins v. Hackworth, 279 Ky. 352, 130 S.W.2d 774; Slack's Ex'r v. Barrett, 290 Ky. 251, 160 S.W.2d 595; Kelly v. Kelly, 298 Ky. 847, 183 S.W.2d 805; Combs v. Thomas, 304 Ky. 654, 201 S.W.2d 557.

In the case at bar, we find no renunciation of the life estate and no communicated, unequivocal claim of title or possession adverse to the interest of the remainderman.

■ The appellants believe that they are entitled to an equity in the improvements their mother made to the property, but the rule is clearly established that compensation for improvements made by a life tenant with full knowledge of his title—a knowledge which the life tenant must be presumed to have had in the case at bar—cannot be recovered from the remainderman. Among the cogent reasons advanced for this rule are that the life tenant should not be permitted to consume the interest of the remainderman by making improvements which the remainderman cannot pay for and may not desire, and also that such improve-

ments usually are made principally for the life tenant's own benefit. 33 Am.Jur., Life Estates, Section 457, page 985; Superior Oil Corp. v. Alcorn, supra; Frederick v. Frederick, 31 Ky. Law Rep. 583, 102 S.W. 858, 13 L.R.A., N.S., 514; Sparks v. Ball, 91 Ky. 502, 16 S.W. 272, 34 Am.St.Rep. 236; 175 A.L.R. 1453.

We realize that the principles of law applied in this opinion may appear harsh to the appellants who expected to inherit an interest in this property under the will of their mother, but the law is well established and accomplishes just results in the vast majority of cases.

The judgment is affirmed.