## Fields, &c. v. Farmers & Drovers Bank.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

TENANTS IN COMMON—PURCHASE BY ONE INURING TO BENEFIT OF ALL.

Held: A purchase at a tax sale, made by one of several tenants in common, inures to the benefit of all, though the purchaser had agreed with a stranger that the bid should be for his benefit to the extent of one-half the property.

KOHN, BAIRD & SPINDLE, FOR APPELLANTS.

A consideration of this question will involve the discussion of but two propositions:

1. Whether at the time of purchase at judicial sale by the appellants of the appellee's interest, the appellant, J. Laurence Field, was a co-tenant with his co-appellant and the appellee.

2. Whether, under the circumstances of the refusal of the appellee to protect itself at the judicial sale of its interest, it can, years after that interest was sold, come into court and claim that the purchase of the property by its co-tenants redounds to its protection.

1 We submit, that the appellee's conduct and refusal to contribute its pro rata of the expenses for the protection of its interest amounted to an abandonment, and as its contribution could not be enforced against it, neither can it enforce the rule that the purchase made by the appellants was made in its interest, thus belying the actual sale and the express understanding of the parties.

2. If there was no abandonment on the part of the appellee, and the appellee is entitled to enforce the rule that the purchase by A.

Field, &c. v. Farmers & Drovers Bank.

H. Field was for its protection, the enforcement of the rule is not broader than the interest purchased by A. H. Field. Therefore, as a two-fifths interest belonging to the appellee was sold, and as one-half of this interest was purchased by J. Lawrence Field, who had no privity at the time with the appellee, this interest passed to him, and the utmost the appellee can recover is a one-fifth interest.

### AUTHORITIES CITED.

Snead's Heirs v. Atherton, 6 Dana, 276; Lee v. Fox, 6 Dana. 176; Coleman v. Coleman, 3 Dana, 403; Alexander v. Sully, 50 Iowa, 192; Carson v. Broady, 77 N. W., 80; Jackson v. Smith, 13 Johnson (N. Y.), 406; Kirkpatrick v. Mathiot, 4 W. & S. (Pa.) 251; Lewis v. Robinson, 10 Watts (Pa.), 354; Remboth v. Serba, 29 Pa. Stat., 159; Smith v. Scanlon, 21 Ky. Law Rep., 169; Simon v. Gulick, 21 Ky. Law Rep., 104; 11 Am. & Eng. Ency. of Law (1 ed.), 1085; Ronkendorff v. Taylor's Lessee, 4 Peters, U. S., 349; Cecil v. Clark, 30 S. E. R., 216; Morris v. Roseberry, 32 S. E. R., 1019; Charter City of Louisville, March 21, 1882.

BENNETT H. YOUNG AND H. M. LANE, ATTORNEYS FOR APPELLEE.

Rebecca B. Field owned a life interest in the lot in controversy, with remainder to A. H. Field one-fifth, Z. T. Underwood, one-fifth, N. A. Miller and W. R. Clayton, jointly one-fifth, C. W. Field, one-fifth, and N. B. Field, one-fifth. The appellee acquired its two-fifths interest by purchase from C. W. Field and N. B. Field, sons of Rebecca B. Field. J. R. Gleason, a contractor, had a claim for less than $20 against said lot for reconstruction of sidewalks in front thereof, and while pressing Mrs. Rebecca B. Field, for the payment thereof, A. H. Field called upon the cashier of the Farmers & Drovers Bank, appellee herein, and requested him to pay two-fifths of said claim, which the cashier refused to pay because he contended it should be paid by Mrs. Field, the life tenant. The contractor instituted suit in the Jefferson Circuit Court to enforce his lien on the lot for said claim for which judgment of sale was rendered, and at the sale A. H., and J. Lawrence Field, who were joint owners with the bank and tenants of the property, became the purchasers. In the meantime, Mrs. Field, the life tenant, had died. A deed was made by the Commissioner to A. H. & J. Lawrence Field for said lot under their purchase, for which they paid $39.90, for a lot worth $4,000, and as soon as this deed was made and recorded, J. Lawrence Field declined to pay any further rent, and notified the bank that he and his brother had become owners of the prop-

erty. The bank tendered to A. H. and J. Lawrence Field its proportion of the cost of the improvement and cost of suit, which they refused to accept, and the bank brought this suit, claiming that the purchase by A. H. and J. Lawrence Field, inured to the benefit of all the joint owners in said lot.

We submit that upon this state of facts the judgment of the lower court, holding that the purchase by the appellants at the sale made for the apportionment warrant, inured to the benefit of this appellee, and should be affirmed.

### AUTHORITIES CITED.

Cooley v. Waterman, 16 Mich., 366; Page v. Webster, 8 Mich., 265; Batten v. Wood, 27 W. Va., 67; Lloyd v. Lynch, 28 Pa. S. B., 424; Weare v. VanMeter, 42 Iowa, 129; Lee v. Fox, 6 Dana, 176; Venable v. Beauchamp, 3 Dana, 324; Coleman v. Coleman, 3 Dana, 403; Brown v. Hogle, 30 Ill., 119; Bracken v. Cooper, 80 Ill., 221; Shell v. Walker, 54 Iowa, 388; Coon v. Coon, 58 Iowa, 749; Perkins v. Smith, 18 Ky. Law Rep., 509; Davis v. King, 87 Pa. St., 261; Downer v. Smith, 38 Vt., 464.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellee, the Farmers' & Drovers' Bank, brought this action seeking a decree that it has an undivided interest of two-fifths in a certain lot on Sixth street, in the city of Louisville. The petition alleges as cause of action that appellee owned two-fifths interest, A. H. Field owned one-fifth, J. Lawrence Field owned one-fifth interest, and N. A. Miller and N. R. Cayton jointly owned one-fifth, all subject to the life estate of Rebecca Field, mother of A. H. and J. Lawrence Field. It is alleged that, there being a charge against the property for street improvement, an action was instituted, and the lien enforced, and at the sale A. H. Field became the purchaser at the price of the full sum due, $39.90, and after the sale had same confirmed, and deed made to himself alone. Appellee tendered and paid into court two-fifths of the purchase price, and asked the court to decree that said A. H. Field hold such property subject to the appellee's rights,

and that the purchase by Field inured to the benefit of all
the undivided owners as joint tenants.   For answer the
appellants admit the joint tenancy, the sale, and purchase
by A. H. Field, but say that by agreement between A.
H. Field and J. Lawrence Field it was provided that A.
H. Field was to bid off the property for the benefit of
both jointly, each to pay one-half and own one-half there-
of; that, pursuant to that agreement, the property was
bid in by A. H. Field for both, and they each paid one-
half the purchase price, and a one-half interest was con-
veyed to J. Lawrence Field; that at the time of the sale
under the foreclosure for improvement lien J. Lawrence
Field had and owned no interest in the property, but had
long prior sold and conveyed his one-fifth interest therein
to one Underwood.   For reply appellee alleged that the
deed made to Underwood was fraudulent and void, being
made voluntarily, and for the purpose to defraud his cred
itors.   This was denied by rejoinder.   Upon the trial, on
proof, the court adjudged, as prayed by appellee, that it
was the owner of an undivided two-fifths interest in the
property, and that the purchase by appellant A. H. Field
inured to the benefit of all joint tenants in the property.
From that judgment this appeal is prosecuted.

The pleadings and uncontradicted proof show that appel-
lant A. H. Field owned an undivided one-fifth interest,
appellee owned an undivided two-fifths interest, Under-
wood held title to one-fifth interest, and Miller and Cay-
ton jointly owned one-fifth; that the property was worth
at the time of the sale some $3,000 or over, and that the
purchase price bid by the appellant was $39.90.   Under
these facts we are of opinion that the purchase of A. H.
Field inured to the benefit of all the joint tenants.   This
court said in Venable v. Beauchamp, 3 Dana, 324:   "One

joint tenant or a tenant in common can not purchase any adverse claim to the lands for his exclusive benefit; still less can he use it to expel his co-tenant." In the case of Coleman v. Coleman, 3 Dana, 403, the court said: "If one tenant in common buys an adverse claim to the land, the purchase avails the co-tenant also." Also in case of Lee v. Fox, 6 Dana, 176, the court said: "Whenever one of several joint tenants buys in an incumbrance under the joint estate, the purchase will inure to the equal benefit of his co-tenants." The same doctrine was recognized in Perkins v. Smith (Ky.) 37 S. W., 72. The identical question here has been decided by various courts of last resort. See Conn v. Conn, 58 Iowa, 749, (13 N. W., 51); Davis v. King, 87 Pa. St., 261; Downer's Adm'rs v. Smith, 38 Vt., 464; Brown v. Hogle, 30 Ill., 119; Battin v. Woods, 27 W. Va., 67; Page v. Webster, 8 Mich, 265; and others. These cases all hold that a purchase by a joint tenant at a tax sale inures to the benefit of all, and that he can not acquire a title to himself. With this view of the case, it becomes immaterial whether J. Lawrence Field, at the time of the sale, had any interest in the property. The purchase was made by A. H. Field, who was a joint tenant with appellee, and he could not defeat its rights in the purchase by agreement with another, a stranger to the title. The court, in its decree, made provision for repairs and improvements made by appellants, and as to that branch of the case rendered no judgment. The judgment appealed from, being in harmony with well-settled principles and sustained by authority is affirmed.