## Jordan, et al. v. Sheridan.

(Decided October 10, 1912.)

### Appeal from Boyd Circuit Court.

1. Land—Purchase by Widow at Tax Sale—Character of Estate Taken—Lien.—J. died childless leaving a widow. He owned property of less value than $1,000.00. The house and lot were sold for taxes which accrued in the lifetime of J., the widow became the purchaser, and in due time the sheriff executed to her a deed. She held the property until her death, and in a suit that followed between the relatives of her husband and her sister, the chancellor adjudged that by the purchase at sheriff's sale the widow became the owner of the property; that it belonged to her sister. Held, That by her purchase she took the title for the joint benefit of herself and the remaindermen, and that her interest was that of a tenant at will or for life. She had merely a lien upon the land for the amount expended by her.

2. Land—Life Tenant—Purchase By at Tax Sale.—A tenant by sufferance, or life, cannot purchase at decretal sale and claim absolute title thereto against the owners of the remainder in fee.

H. R. DYSARD for appellants.

E. B. HAGER, S. S. WILLIS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In the latter part of June, 1908 or the early part of 1909, John Jordan, a resident of Boyd County, Ky., died intestate, the owner of a small house and lot and some personal property of the total value of from $400.00 to $600.00. He had no children. His wife, Hannah Jordan, survived him. She took possession of the personalty and remained in charge of their home after his death. Thereafter this house and lot was advertised and sold for taxes, which had been assessed against John Jordan in his lifetime and which remained unpaid. The widow

became the purchaser, and in due time the sheriff executed a deed to her for the property. She held, used and enjoyed it as her own until her death, which occurred some three or four years later. Thereupon a dispute arose between the relatives of her husband, John Jordan, and her sister; the former claiming the property as heirs-at-law of John Jordan, and the latter claiming as heirs of his wife, Hannah. In the litigation which followed, these facts were aptly pleaded. The chancellor, upon consideration, was of opinion that Hannah Jordan, by her purchase at sheriff's sale, became the owner of the property, that it belonged to her sister as heir-at-law, and dismissed the claim of appellants. They appeal.

Upon the death of her husband, the widow was entitled to either dower or homestead in the real estate, owned and possessed by him at his death. It is conceded that the property was of less value than $1,000.00, that no dower or homestead was ever assigned to her, but she was simply permitted to remain in the undisturbed possession of the home. This was no doubt due to the fact that those of her husband's relatives, who were entitled under the law to the property after her death, recogized that she was entitled to the use of all of it as a homestead so long as she lived. This explains their conduct in taking no steps to have dower or homestead assigned to her. In this condition it remained until advertised and sold by the sheriff.

Now, while it is true that, under the statute, the widow is permitted to remain in the possession, rent free, of the residence, grounds, buildings and appurtenances thereto, until dower is assigned, her rights in the property are none the less fixed. She has immediately upon the death of her husband, a dower interest in all the real estate owned by him at the time of his death; and, if the value thereof be less than $1,000.00, she may claim the whole as a homestead, hold, occupy, use and enjoy it, during her life. Hence, she may be treated as a tenant at will, following her husband's death and until dower is assigned to her, but after dower is assigned she then becomes a tenant for life.

The question presented, therefore, is: May a tenant, by sufferance or for life, purchase at decretal sale property so occupied and held, and claim absolute title there-

to against the owners of the remainder in fee? The general rule is that:

"A tenant for life cannot purchase at a tax sale or acquire an interest adverse to the reversioner or remainderman by obtaining an assignment of the tax title." 37 Cyc., 1348.

In Allen v. DeGroodt, 14 Am. St. Reports, 626, the respective rights of remaindermen and life-tenants are discussed at length in a foot note. The author therein states the general rule, as collated from all the authorities, as follows:

"It is obvious that if it is the tenant's duty to pay taxes, or to discharge any other incumbrance, he cannot, by either wilfully or inadvertently neglecting the duty, acquire the title of the remainderman at a tax or other sale, resorted to for the purpose of coercing the payment of the tax or other lien. * * * * * * * * * Even if the encumbrance is one which it is the duty of the remainderman to discharge in whole or in part, the tenant of the particular estate will not ordinarily be permitted to acquire an absolute title by purchasing at a sale based upon such encumbrance. Should he purchase at such sale, or buy up an adverse title, the law will convert him into an involuntary trustee, and require him to convey to the remainderman upon such terms as may be equitable. The established doctrine is, that a tenant for life in possession, in the purchase of an encumbrance upon or an adverse title to the estate, will be regarded as having made the purchase for the joint benefit of himself and the reversioner or remainderman. The law will not permit him to hold for his own exclusive benefit, if the reversioner will contribute his share of the sum paid. If the life tenant in such case pays more than his proportionate share, he simply becomes a creditor of the estate for that amount."

In discussing a question in which this same principle was involved, in Daviess v. Myers, 8 B. M., 52 Ky., 511, this court said:.

"A tenant for life may undoubtedly purchase the interest in reversion and thereby acquire an absolute right to the property; and if in this case the reversionary interest had been sold for a debt, due by the reversioner, no question could have arisen in regard to the effect of the purchase. But the debt for which the interest of the reversioner was sold, was a charge upon the life estate,

as well as upon the reversion. The only difference between them was that it was an equitable charge upon the life estate, and a legal charge upon the reversion. The latter could be sold under execution, the former could not, but had to be subjected by a suit in chancery; both interests, however, were equally liable for the payment of the debt; and as between the parties themselves, neither had a right to throw the whole burden upon the other. According to well settled equitable principles a purchase by either under such circumstances enured to the benefit of both. The established doctrine is, that a tenant for life in possession, in the purchase of an incumbrance upon the estate, is regarded as having made the purchase for the joint benefit of himself and the remainderman or reversioner, and cannot hold it for his own exclusive benefit.''

We are aware that a contrary rule is announced in Branson v. Yancy, 1 Devereux (N. C.), 77, but the opinion of the court in that case is not in accord with the weight of authority and is directly opposed to the principle announced by this court in the Daviess case, supra.

The taxes, which were a charge upon the estate at the death of John Jordan, constituted a lien upon all of his property. Such personal property as he owned was primarily liable for it, but if, for any reason, this was not subject, then the land itself was liable. Before the widow could have had either dower or homestead therein, this tax claim must of necessity have been satisfied. Hence, being a charge upon the whole estate, she was directly interested in its payment; as much so in fact, as were the remaindermen; and, when she purchased the property at sheriff's sale, she took the title for the joint benefit of herself and the remaindermen, and her holding was of this nature, her interest being that of a tenant at will or for life. Had she desired, she could have compelled the remaindermen to repay to her their equitable proportion of the taxes paid by her, and upon their failure to pay, she could have subjected their remainder interest in this property in satisfaction thereof; but, until it was so subjected, she had merely a lien upon the remainder interest in the land for the amount so expended by her for them. The chancellor should have so held.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.