## McGrath v. Wm. Smith, Harry Smith and Nettie Smith.

(Decided May 11, 1917.)

### Appeal from Fayette Circuit Court.

1. Joint Tenancy—Mutual Rights of Joint Tenants.—Where one joint tenant, in possession, buys in the joint property at a tax sale and takes title thereto, the purchase inures to the benefit of his co-tenants also.

2. Joint Tenancy—Co-tenancy—Mutual Rights of Co-tenants.—One co-tenant cannot acquire an outstanding title to joint property by a purchase at a tax sale and oppose it to the title of his co-tenants.

HOBBS & NORTH for appellants.

GEORGE CARY TABB and J. P. JOHNSTON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This case was instituted in the Fayette circuit court by Mrs. Agnes McGrath, in July, 1912, seeking a judgment of that court quieting her title to two certain lots

of land on Patterson Street, in the city of Lexington, and alleging that she was the owner in fee simple of the entire property, and that appellees, Wm. Smith, Harry Smith and Nettie Smith, were asserting some kind of claim to the property and that this assertion of claim, on the part of the appellees, cast a cloud upon her title, which she sought to have removed. The appellees are the only children and heirs at law of Mrs. Maggie Sayre Smith, and grandchildren of Mrs. Elizabeth Sayre, the common source of title to this property, and were, at the commencement of this suit, non-residents of the state and absent therefrom, and a warning order was entered and a corresponding attorney appointed. Proof was taken upon interrogatories, and the case being submitted upon the record without answer or defense by appellees, judgment was entered declaring Mrs. Agnes McGrath the owner of the property in question and quieting her title thereto. It is alleged in the petition by appellant, Mrs. McGrath, that this entire property was formerly owned by Mrs. Elizabeth Sayre, who departed this life in 1885, at which time this property descended to and vested a life estate in C. C. Sayre, the surviving husband by curtesy, with the remainder over to the six children of Mrs. Sayre; that thereafter, in the year 1897, M. A. McGrath, husband of appellant, purchased the interest of three of the six children, and took title thereto by separate deeds. McGrath shortly thereafter died testate, having willed this real property to his wife, the appellant. Mrs. McGrath then purchased the interests of two other children in the property, thus becoming the owner of five-sixths of the two lots. There was yet outstanding a one-sixth interest owned by the three children of Mrs. Maggie Sayre Smith, appellees above named, and this sixth interest is the bone of contention. In the meantime the property had been assessed for taxation for the years 1895, 1896 and 1897, in the name of Columbus C. Sayre, the life tenant by curtesy, and these taxes were unpaid. Columbus C. Sayre was then in possession of the whole property and remained so until his death in April, 1897. The property was sold by the sheriff of Fayette county for the unpaid taxes for the said years, and Mrs. McGrath became the purchaser at the sale for the price of $25.15. She received a certificate showing her purchase, and this was duly entered of record in the office of the clerk

of the Fayette county court. Upon the death of Columbus C. Sayre, Mrs. McGrath took and held possession of the property and made valuable and lasting improvements thereon, and collected rents therefrom, amounting to several thousand dollars. In 1912, the then acting sheriff of Fayette county, executed and delivered to Mrs. McGrath a deed for the two lots on Patterson street, which were sold as the property of Columbus C. Sayre for taxes assessed against him, and the deed recites these facts. Immediately upon receiving said deed, this action was instituted to quiet the title of Mrs. McGrath, to said two lots, she claiming to be the owner of the fee simple title to the entire property under the will of her husband for three-sixths, and by reason of two deeds obtained from the heirs for two-sixths and the tax deed for the whole property, which she relied upon to vest her with title to the outstanding one-sixth claimed by appellees, the Smith heirs.

In 1915, and within five years after the entering of the judgment declaring Mrs. McGrath to be the owner, in fee, of the property and quieting her title thereto as against the Smith heirs, the three children of Mrs. Maggie Sayre Smith, for the first time, appeared and moved the court to have the action retried under section 414 of the Civil Code, and executed bond for cost, whereupon the circuit court entered an order noting the filing of the motion and the execution of bond for cost, and the tendering of the answer, counter-claim and cross-petition of appellees, and reciting "that defendants' motion to retry this action be and the same hereby is sustained, and that their said answer, counter-claim and cross-petition be and the same hereby is filed and noted." Appellees, defendants below, denied appellants' title to a one-sixth interest in the lots and asserted titles in themselves, but admitted that Mrs. McGrath was the owner of five undivided sixths of said land; and further admitted that D. W. Scott, as sheriff of Fayette county, executed and delivered to Mrs. McGrath a deed for the property under the tax sale relied upon by her. But, they allege that said deed was without consideration and that E. T. Gross was not at the time of the advertisement or sale of the property for taxes the then elected, qualified or acting sheriff of Fayette county, or at the time Mrs. Agnes McGrath, the plaintiff, became the purchaser thereof, for the sum of $25.15, or at the time said

Gross gave Mrs. McGrath the certificate, showing the sale of the property for taxes.    Then appellees proceeded to set up their chain of title, showing themselves the owners of the fee simple title to a one undivided sixth interest in the land in controversy, and admitted that Mrs. McGrath was the owner of five-sixths thereof. It was further alleged in the answer, counter-claim and cross-petition that the ex-sheriff, who made the sale of the property for taxation had retired from office some months previous to the sale, and had theretofore settled his accounts in full with both the state and county, and that the state and county had no interest whatever in the sale, but that the ex-sheriff conducted it for his own individual interest and benefit, and for this reason the sale was invalid.    It is also alleged in the answer, counter-claim and cross-petition that appellees and appellant were joint owners and co-tenants of the property in controversy, and that even though the tax sale was regular and valid, yet Mrs. McGrath being the co-tenant of appellees, she in purchasing the outstanding title or lien on the property and accepting the conveyance to her by the tax deed, acted as trustee and received the same for the use and benefit of her co-tenants as well as herself. Facts were alleged showing the indivisibility of the property and a sale was asked and division of the proceeds after an accounting.    Appellees also plead facts showing that the property was assessed for taxation for the years aforesaid in the name of C. C. Sayre, who was the life tenant in possession of the property at that time, and not in the name of appellees, or either one of them, and that the sale of the property for taxes assessed against C. C. Sayre did not convey the interest of the remainderman.    The reply of the appellant did not deny the truth of the principal facts alleged in the answer and amended answer and counter-claim, but attempted to avoid them, and upon motion a large part of the reply, as amended, was stricken out and demurrer sustained to other parts.    And, appellant failing to plead further, the court entered judgment setting aside the original judgment rendered in favor of Mrs. McGrath and against appellees on November 2nd, 1912, on constructive services, and adjudged the tax sale void, cancelled the tax deed and held appellees to be the owners of an undivided one-sixth interest in the property and entitled to participate in the rents arising from the property, and

to contribute to the cost of improvements placed thereon, and to payment of taxes and other expense necessary to the preservation of the proverty. The whole property was ordered sold and a division of the proceeds according to the rights of the parties, after an accounting.

It must be admitted that the appellant, Mrs. McGrath and appellees, the Smith heirs, were tenants in common or co-tenants, and this being true the question arises: "Can a tenant in common acquire title to the interest of his co-tenant by buying the joint property at a tax sale?" If this can not be done, then it is unnecessary to consider the other questions made by appellant.

In 23rd Cyc, page 492, it is stated:

"One joint tenant can not purchase or otherwise acquire for his own benefit, an adverse or outstanding title or encumbrance against the joint estate; but such a purchase will inure to the joint benefit of him and his co-tenants, providing the other joint tenants elect, within a reasonable time, to avail themselves of such adverse title, and contribute their ratable share of the expense of acquiring it."

Again in 37 Cyc, page 1348, it is declared:

"Where land is owned by joint tenants, co-parceners, or tenants in common, and taxes are assessed upon it as a whole and it is sold for non-payment of the same, neither of the co-tenants can purchase a title at the sale which shall be paramount to that of his companions or operate to dissolve the relationship; he has a claim upon the others for reimbursement, but his payment inures to the benefit of all."

Neither can a life tenant purchase at a tax sale and thus acquire an interest adverse to the remainderman.

This court in the case of Venable, &c. v. Beauchamp, 3rd Dana, page 324, in passing upon this precise question, held:

"As a general rule, one tenant in common, before partition, is not permitted to purchase in a superior outstanding claim for his own exclusive benefit, and much less to use it for the expulsion of his co-tenant. Such a purchase is considered, in equity, as enuring to the benefit of both, and the purchaser is entitled to contribution. (Vanhorne v. Fonda, 5 Johns, Chy. Reports 407). This principle arises from the privity subsisting between parties having a common possession of the same land, and a common interest in the safety of the possession of

each; and it only inculcates that good faith which seems appropriate to their relative position.''

Again in the case of Coleman v. Coleman, 3rd Dana, page 403, the principle is laid down that if one tenant in common buys an adverse claim to the land owned in common, the purchase avails the co-tenant also, and he is bound to contribute his due proportion of the purchase money.

We may also cite the case of Sneeds' Heirs v. Atherton, 6th Dana, page 278, where this court recognizes the principle in the following language:

''It is a well established principle of equity, repeatedly recognized by this court that a tenant in common, joint tenant or parcener, being in possession, will not be permitted to purchase up an adversary claim, and oppose it to the title of his co-tenant, or hold under it, in opposition to their joint claim; but such purchase if made will inure in equity to the joint benefit of each, upon the equitable terms of an equal contribution by each, in the cost of purchase. This principle grows out of the privity between them, and inculcates fidelity and good faith.''

In the more recent case of Fields v. Farmers' & Drovers' Bank, 110 Ky. 256, this court applies the same principle and quotes from a number of cases recognizing the doctrine that one co-tenant buying in an outstanding title or claim does so for the use and benefit of his co-tenants.

The doctrine is recognized and reasserted in the case of Cornett v. Burchfield, 142 Ky., page 357, where it is held that a joint owner who buys in an outstanding superior title, does so for the joint use of and benefit of himself and his co-tenant, and his purchase inures to the benefit of his co-tenant, but he has a lien on his co-tenant's land for the ratable share of the money so paid.

Each tenant in common owns an undivided interest in every part and parcel of the entire property, and it devolves upon him to protect and preserve the property and title thereto, not only for himself, but for his co-tenants and their interest therein, and his acts in furtherance of such purpose must be regarded as the act of the joint title.

In view of this array of authority we conclude that Mrs. McGrath in taking the deeds under the tax sale,

did so not alone for herself, but for her co-tenants also, and that this conveyance inured to their equal benefit.

It, therefore, follows that the appellees were not divested of title to their one-sixth interest. Instead of perfecting her title to the entire property as against her co-tenants, the sheriff's deed aided the non-residents in the preservation of their title in the same manner and to the same extent as if they had actually joined in the purchase, for their co-tenant must, in equity, be considered as acting for them in the management, control and possession of the property and estate.

It is insisted that the sheriff's deed is *prima facie* evidence of ownership in the holder, and he who attacks it, assumes the burden of pleading and proving irregularities to void it, and this it must be conceded is the law, and the trial court should not have adjudged the tax deed invalid, but in equity should have held it to have inured to the use and benefit of the appellees as well as the appellant, because this was the legal effect. But since the result is the same it was not prejudicial error, for we must regard the substance rather than the form.

Since the lower court in entering its final judgment, sustained the motion of appellees for the retrial of the case, it is immaterial that an order was entered granting a retrial of the case immediately upon the filing of the motion and the execution of the bond for cost.

Having reached this conclusion, it is unnecessary to discuss the other questions raised by appellant in her brief.

Judgment affirmed.