## Chapman et al. v. Aldridge.

(Decided March 19, 1929.)

W. R. McCOY for appellants.

C. B. WHEELER for appellee.

'OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Suit was instituted in the Martin circuit court by Kate Aldridge, as administratrix of the estate of her husband, L. F. Aldridge, against his heirs and creditors, for the purpose of settling his estate. It is alleged that at the time of his death he was the owner of 200 acres of land in Martin county, in which his widow was entitled to a dower interest. It was sought to have dower assigned and the remainder of the land sold for the payment of debts against the estate. Some of the heirs of Mary Adridge, wife of James H. Adridge, filed an answer and cross-petition, in which they denied that L. F. Aldridge was the owner of the tract of land at the time of his death, and sought to have it adjudged that the tract of land belonged to the heirs of Mary Aldridge.

The chancellor referred the cause to the master commissioner, to take proof for the establishment of claims against the estate, and also relating to the title to the tract of land. The commissioner made his report, in which he set out certain debts which he found to be valid obligations of the estate; but he reported that L. F.

Aldridge was not the owner of the tract of land at the time of his death, although he found that he owned an interest in it by reason of his heirship, and that he had acquired additional interests by purchcase and inheritance. The commissioner found that the title to the property was vested in the heirs of Mary Aldridge, except as indicated. Exceptions were filed to the report, and the chancellor sustained the exception to the finding of the commissioner as to the title of the tract of land, and adjudged that the land belonged to L. F. Aldridge at the time of his death. This appeal is prosecuted from his judgment on that point.

James H. Aldridge, the father of L. F. Aldridge and his brothers and sisters, was the owner of the tract of land in question until 1883, when he executed a deed of conveyance to his wife, Mary Aldridge, for the land. Mary Aldridge died in the early '90's and thereafter, to wit, on September 10, 1895, James H. Aldridge executed and delivered to W. B. Aldridge a deed to the land. W. B. Aldridge never resided on the land, but it was assessed for taxation in his name for the years 1896, 1897, 1898, and 1899. He did not pay the taxes on it, and in the latter part of 1899 the sheriff levied on the property for the taxes. The property was sold by the sheriff, and L. F. Aldridge became the purchaser and received a certificate from the sheriff, showing that he had purchased the land for taxes. After the expiration of the right of redemption, the sheriff executed a deed of conveyance to L. F. Aldridge. He was residing upon the land at the time, and he continued to occupy the land for many years thereafter, and until he was elected county judge of the county, and moved to the county seat. The chancellor based his judgment largely upon the proof tending to establish that L. F. Aldridge had obtained title to the land through adverse possession.

It is a well-settled rule that possession of one joint owner inures to the benefit of all joint owners, and the legal presumption is indulged that the entry of a joint owner is made according to the right of the party making it, and his possession becomes adverse to the other joint owners only by a denial of their right, or by some act or declaration inconsistent with his amicable possession of the property for the benefit of all of the joint owners. Gossom v. Donaldson, 18 B. Mon. (57 Ky.) 230, 68 Am. Dec. 723; Rush v. Cornett, 169 Ky. 714, 185 S. W. 88;

Sullivan v. Sullivan, 179 Ky. 686, 201 S. W. 24; May v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131; Summer et al. v. Vinson, 211 Ky. 571, 277 S. W. 349.

When one enters upon land under an agreement to look after it and pay taxes on it, he is not holding the land adversely as long as he holds under the contract, and his possession cannot become adverse until he brings home to the owners of the land that he is no longer claiming under the contract. McClanahan et al. v. Brown et al., 157 Ky. 450, 163 S. W. 467; Tippenhauer v. Tippenhauer, 158 Ky. 639, 166 S. W. 225; Johnson v. Myer, 168 Ky. 430, 182 S. W. 190; Winchester v. Watson, 169 Ky. 213, 183 S. W. 483; Bailey et al. v. See et al., 187 Ky. 596, 219 S. W. 1061.

When one joint tenant takes possession of a tract of land amicably, his possession will not become adverse, so that the statute of limitation will commence to run, until the other joint owners are apprised by his words or conduct that he intends to hold the property adversely to them. McSurley v. Venters, 104 S. W. 365, 31 Ky. Law Rep. 963; Padgett v. Decker, 145 Ky. 227, 140 S. W. 152; Cryer v. McGuire, 148 Ky. 100, 146 S. W. 402, Ann. Cas. 1913E, 485; Collins v. Blair, 178 Ky. 120, 198 S. W. 541; C. & O. R. R. Co. v. Rosskamp, 179 Ky. 175, 200 S. W. 496; Big Blaine Oil & Gas Co. v. Yates, 182 Ky. 45, 206 S. W. 2; Snyder v. Vinson, 167 Ky. 332, 180 S. W. 774.

Ordinarily, where land is owned by joint tenants, coparceners, or tenants in common, one cannot purchase the land when it is sold for taxes and thereby become vested with the title to the entire tract of land. He has a claim upon the others for reimbursement, but his purchase inures to the benefit of all, and unless they lose their right by laches, their sole obligation is to pay their portion of the taxes for which the property was sold. McGrath v. Smith, 175 Ky. 572, 194 S. W. 806; Cornett v. Burchfield, 142 Ky. 357, 134 S. W. 466; Fields v. Farmers' & Drovers' Bank, 110 Ky. 256, 61 S. W. 258, 22 Ky. Law Rep. 1708.

With these general principles in mind, let us consider the facts in this case. Mary Aldridge was the owner of the land which she acquired in 1883. She thus acquired the land prior to the enactment of section 2127, Kentucky Statutes. The rights of the husband in her land after her death must be determined by the law governing the matter in 1883. Rose v. Rose, 104 Ky. 48, 46

S. W. 524, 20 Ky. Law Rep. 417, 41 L. R. A. 353, 84 Am. St. Rep. 430; Mitchell v. Violett, 104 Ky. 77, 47 S. W. 195, 20 Ky. Law Rep. 378. Under the law in force at that time, the husband, when a child had been born alive to him and his wife, was entitled as tenant by the curtesy to a life estate in all the land owned by the wife. Dillon v. Dillon, 69 S. W. 1099, 24 Ky. Law Rep. 781; Phillips v. Farley, 112 Ky. 837, 66 S. W. 1006, 23 Ky. Law Rep. 2201.

When James H. Aldridge conveyed the land in question to W. B. Aldridge, he had a life estate only in the land and his deed passed only that interest to W. B. Aldridge. When the property was assessed for taxation in the name of W. B. Aldridge and thereafter sold for the unpaid taxes, nothing passed to the purchaser, other than the interest of W. B. Aldridge, which was the life estate which had been conveyed to him by his father and his interest which he had inherited from his mother. Treating the tax deed as valid, L. F. Aldridge obtained by his deed from the sheriff the life estate of his father and the interest of W. B. Aldridge in the remainder. James H. Aldridge died in 1908, and there can be no question about the character of the possession of L. F. Aldridge up to that time. It was not adverse to the other heirs. After the death of his father, L. F. Aldridge continued to live upon the land; but the proof is convincing that he recognized the interest of the heirs of Mary Aldridge in the land. He stated to a number of people that he did not own all of the land; he agreed with some of the other heirs that he would pay them for the timber which he cut; he made some attempts to acquire the outstanding interests in the land. There is no evidence that he did anything to bring home to the other heirs that he was claiming the property adversely after the death of his father.

At the time of the death of his father he became a tenant at will. Jordan et al. v. Sheridan, 149 Ky. 783, 149 S. W. 1028. This tenancy continued until his death. At the time of his death he was the owner of his share inherited from his mother, and the shares of such others as he had purchased or inherited, including the share of W. B. Aldridge which he purchased at the tax sale. As the chancellor reached a contrary conclusion, his judgment must be reversed.

The judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.