## Smith et al. v. Isom.

(Decided Jan. 29, 1935.)

D. M. ALLEN for appellants.

W. W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

S. B. Isom brought this action against N. L. Smith and Tip Smith to recover $300 alleged to be due on a note executed and delivered to him by the defendants on March 17, 1930, and due twelve months after date, and to enforce a lien retained in the deed of the same date to secure its payment. The note was executed in part payment of the minerals lying under a tract of land in Clay county. The minerals had been sold to the defendants by the plaintiff for $400. One hundred dollars of the purchase price was paid in cash, and for the balance the purchasers executed the note in question. A lien was retained in the deed to secure the payment of the note.

The defendants filed an answer, counter-claim, and

set-off in which they alleged that after the deed was executed they discovered that the plaintiff owned only a one-half undivided interest in the minerals in and under the tract of land described in the petition and that the $100 which had been paid was a fair and just consideration for such interest, and they asked damages for the breach of warranty in the sum of $300 and that such amount be set off against the note. In a reply the plaintiff admitted that one E. L. Walker owned one-half of the oil under the land and averred that such interest was worth $50 and offered to credit the note sued upon with that amount.

It appears from exhibits filed that the land was conveyed to E. M. Wilson by E. L. Walker and wife on November 4, 1903. The grantors in that deed reserved a one-half interest in the oil in and under the land. E. M. Wilson and wife conveyed the land to G. W. Woods on October 20, 1913, subject to the reservation of one-half interest in the oil rights contained in the deed from Walker. G. W. Woods conveyed the land to Steve Isom on March 28, 1927. The record fails to show with certainty whether or not Steve Isom and the appellee, S. B. Isom, are one and the same person. In that deed there was a reservation only of the minerals which were not owned by the grantor. G. W. Woods failed to pay the taxes assessed against his property for the year 1927, and the sheriff of Clay county levied upon the minerals underlying this tract of land, and they were sold by him on February 6, 1928. At that sale the appellee, S. B. Isom, became the purchaser of the minerals for the sum of $72.40. On February 6, 1930, the sheriff of Clay county executed and delivered to Isom the certificate of purchase required by section 4158 of the Statutes, and on March 4, 1930, he executed and delivered to Isom a tax deed. On March 17, 1930, Isom sold the minerals under the land to appellants for the sum of $400 and retained a lien for $300 on the property sold to secure the payment of the note which is the subject-matter of this action.

Before any response was filed to plaintiff's reply mentioned above, he filed an amended reply in which he alleged that he had procured from E. L. Walker and wife a general warranty deed conveying to him the title to one-half interest in all the oil under the tract of land in question, which perfected his title, and the

deed with filed with and made a part of the amended reply. The defendants then filed an amended answer, set-off, and counterclaim, the first paragraph of which alleged that the plaintiff acquired no title to the minerals by virtue of the sheriff's deed since G. W. Woods' vendor, E. M. Wilson, had conveyed all the minerals to Hon. Flem D. Sampson. In paragraph 2 it was alleged that E. L. Walker had no interest in the oil under the land at the time he undertook to convey same to Isom, since his interest therein had been sold for taxes on March 4, 1932, by the sheriff of Clay county, and the defendants prayed that plaintiff's petition and amended petition be dismissed, and they prayed for judgment against the plaintiff in the sum of $100 with 6 per cent. interest thereon from March 17, 1930, and that the note sued on be canceled. Thereafter a second amended answer, set-off, and counterclaim was filed in which it was alleged that the tax deed under which the plaintiff claimed title to the land was void because the plaintiff, after purchasing the property at the sheriff's sale, failed to give any notice to the owner, G. W. Woods, informing him that he had purchased the property at the tax sale, and that by reason of such failure he obtained no title to the property which he sold and attempted to convey to the defendants. No response was filed to either the first or second amended answer, set-off, and counterclaim.

The only witness who testified in the case was the appellee, S. B. Isom. He admited that he made no claim to title to the minerals under the land except by virtue of the sheriff's deed. He testified that G. W. Woods was at the time the property was sold by the sheriff and had been at all times since then a resident of Hamilton, Ohio. He stated that after he purchased the property he obtained Woods' address and had his attorney write to him, telling him that he purchased it. With the record in this condition the circuit court rendered a judgment for the plaintiff and adjudged him a lien on the minerals under the tract of land described in the petition.

Tax sales are made exclusively under statutory authority, and a valid sale of real estate for taxes requires strict compliance with all statutory provisions relative to the assessment and levying of the tax and the sale of the property therefor. An examination of

the decisions of this court will reveal that in all cases testing tax titles it has been held that such statutory provisions must have been punctiliously complied with.

Section 4153 of the Statutes provides that it shall be the duty of the purchaser, other than the state, county, and district, within fifty days after the sale, to give notice in writing, to the owner of the land purchased by him, of such purchase, and if such land be not redeemed within six months after such notice, he may institute proceedings for the recovery of the possession of such land. Section 4156 prescribes the character of notice to be given where the owner is a person under disability. Section 4158 of the Statutes reads, in part:

"If the owner of the land purchased can not be found, then the notices required by sections 4153 and 4156 of article eight of this chapter shall be served as follows, viz.:

"First. Upon any member of his family in the county over sixteen years of age; if none, then,

"Second. Upon his agent, if any in the county; and if none, then,

"Third. By a printed or written notice, posted at the court house door and on or near the premises."

In Crab Orchard Banking Co. v. Saunders, 174 Ky. 68, 191 S. W. 652, 656, it was held that the notice required by section 4153, Kentucky Statutes, must be given by the purchaser of the land at the tax sale to the owner in order to entitle the purchaser to a deed after the expiration of the redemption period, and where such notice is not given, the sale is invalid and the sheriff's deed does not confer title. In holding that the mailing of a letter to the owner of the land was not a sufficient compliance with the statutory provisions it was said:

"We conclude that the notice required to be given by a purchaser to the owner of lands sold for taxes, as required by section 4153, supra, must be served upon the owner or some one for him, as provided by sections 624 and 625, Civil Code, except wherein the service is provided for in a different manner by the requirements of section 4158, supra, which must be followed when its provisions differ from

those of the Code sections supra, and we further conclude that a notice by mailing a letter is insufficient, and not the notice provided for by the statute. Hence the fee-simple title to any part of the lot in controversy did not vest in appellee Saunders, and he was not entitled to have any part of it conveyed to him."

Cf. De Sembly v. Dedman, 161 Ky. 128, 170 S. W. 529.

Since appellee acquired no title by virtue of the tax deed under which he claims, there was a total failure of consideration for the $100 paid to him and the note executed and delivered to him by the appellants. Furthermore, the averment in paragraph 2 of the amended answer and counterclaim that E. L. Walker had no interest in the oil under the land at the time he undertook to convey same to Isom, and that consequently the latter's title to the minerals had not been perfected, stands uncontroverted either by pleading or proof.

In view of the condition of the record, the circuit court erred in adjudging that the plaintiff was entitled to the relief sought by him.

The judgment is reversed, with directions to enter a judgment in conformity with the prayer of the amended answer and counterclaim.