## Hammonds v. Risner.

Oct. 10, 1939.

Napier & Napier for appellant.

Nickell & Nickell and W. M. Gardner for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Preston Crase died intestate in 1917 survived by a widow and 10 children as his only heirs at law. His widow died many years thereafter. At the time of his death he was the owner of a tract of land in Morgan county containing some 30 to 40 acres. In 1932 the land was sold for taxes and Custer Jones became the purchaser for the outstanding delinquent taxes amounting to approximately $11.

In 1933 Custer Jones assigned the benefit of his bid and purchase to Sarah Belle Hammonds, one of the children of Preston Crase, and later the sheriff made her a tax deed. G. W. Crase, a son of Preston Crase, who inherited an undivided one-tenth interest in the land, purchased the interest therein of three of his brothers and sisters and later conveyed the undivided interests thus acquired to K. H. Risner. Subsequent to the making of the tax deed, Sarah Belle Hammonds acquired the undivided interests of the other five children of Preston Crase by deed.

In 1937 K. H. Risner instituted this equitable action

against Sarah Belle Hammonds and the other heirs of Preston Crase and in his petition as amended set up the ownership to an undivided four-tenths interest in the land in controversy and the facts above related respecting the tax deed. He alleged that the tax deed was void and of no effect for a number of reasons, some of which will be referred to and discussed in the course of this opinion. He further alleged that Sarah Belle Hammonds had paid the taxes on the land in amounts specified for four or five years and had a lien on the land for the sums so paid. He asked for a sale of the land, and, after payment of costs and satisfaction of the tax lien of Sarah Belle Hammonds, for distribution of the proceeds among parties in interest.

General and special demurrers to the petition were overruled. By separate answer Sarah Belle Hammonds traversed the allegations of the petition, set up and relied on her tax deed and also her ownership by inheritance and purchase of an undivided six-tenths interest in the land. She further set up her payment of taxes on the land for certain years and asked that if the tax deed be held void that she be adjudged a lien for the taxes so paid by her and for a sale of the land to satisfy same. She further interposed pleas of champerty, laches and estoppel. The issues were completed by a reply and an order traversing affirmative allegations of the pleadings.

On final hearing it was adjudged that K. H. Risner and Sarah Belle Hammonds, respectively, owned a four-tenths and six-tenths undivided interest in the land; that it could not be divided without materially impairing its value; that the latter had a lien on the land for the taxes paid by her with all legal interest and penalties; that the land be sold and, after payment of costs and the satisfaction of the tax lien, the proceeds be divided according to the interests of the parties and Mrs Hammonds is appealing.

The principal ground relied on for reversal is that the court erred in adjudging appellant's tax deed to be invalid. Under Section 4030, Kentucky Statutes, a deed executed by a sheriff in pursuance of a sale for taxes is prima facie evidence of the regularity of the sale and all prior proceedings. This statute casts upon appellee the burden of sustaining his attack on the deed and showing such alleged irregularities as would render it invalid, but it does not change the rule as to what would con-

stitute a fatal irregularity. See Cornett v. Greever, 272 Ky. 241, 113 S. W. (2d) 1127. The evidence affirmatively shows that the sale for taxes was not advertised in four issues of a newspaper as required by statute and there is also evidence that the purchaser at the tax sale did not give notice of his purchase to G. W. Crase in whose name the land was listed for taxation nor to any of the other heirs who owned interests in the land. Failure to advertise and to give notice referred to were two of the grounds of attack upon the deed.

Section 4153, Kentucky Statutes, requires that such notice be given by the purchaser to the owner of the land and the case of Crab Orchard Banking Co. v. Saunders, 174 Ky. 68, 191 S. W. 652, holds in effect that this is a mandatory requirement and a condition precedent to vesting title on the purchaser. To the same effect, see Miller v. Powers, 184 Ky. 417, 212 S. W. 453; Smith v. Isom, 257 Ky. 554, 78 S. W. (2d) 752. Other requirements of the statute necessary to give validity to the deed and vest the purchaser with title were disregarded; but it is unnecessary to encumber this opinion with further recitation concerning failure to comply with statutory requirements which are made grounds of attack upon the deed, since, for the reasons already indicated, we are constrained to sustain the chancellor's finding concerning the invalidity of the deed.

Appellant's plea of champerty cannot be sustained because the evidence clearly shows that she was neither actually nor constructively in possession of the land when G. W. Crase made the conveyance to appellee. The evidence shows that at the time the conveyance was made, and for many years prior thereto, G. W. Crase was occupying the land. Appellant at one time attempted to put a tenant upon the land but he was ejected in a forceable detainer proceeding.

The proven facts and circumstances afford no substantial basis for appellant's plea of estoppel or laches. It is true as contended by appellant that appellee knew of the tax deed, but, as we have held, the tax deed was void and appellee was so advised by counsel before he purchased the property. Furthermore, as stated in Chapman v. Aldridge, 228 Ky. 538, 15 S. W. (2d) 454, 455, it is a general rule that:

> "Ordinarily, where land is owned by joint tenants, coparceners, or tenants in common, one cannot pur-

chase the land when it is sold for taxes and thereby become vested with the title to the entire tract of land. He has a claim upon the others for reimbursement, but his purchase inures to the benefit of all, and unless they lose their right by laches, their sole obligation is to pay their portion of the taxes for which the property was sold. McGrath v. Smith, 175 Ky. 572, 194 S. W. 806; Cornett v. Burchfield, 142 Ky. 357, 134 S. W. 466; Fields v. Farmers' & Drovers' Bank, 110 Ky. 256, 61 S. W. 258, 22 Ky. Law Rep. 1708.''

However, it is contended by appellant that appellee is barred by his delay and laches from invoking this rule and cases are cited in support of this contention. Laches consists in undue, unaccounted for or negligent delay, Preston v. Jeffers, 179 Ky. 384, 200 S. W. 654, Hughes v. Wallace, Ky., 118 S. W. 324, but in legal significance, it is not mere delay but such delay as works disadvantage or hurt to another by leading him into changing his position with respect to property or rights. McDowell v. Bauman, 189 Ky. 136, 224 S. W. 641; Hughes v. Wallace, supra; Culton v. Asher, 149 Ky. 659, 149 S. W. 946. In the cases relied on by appellant the delay had been long and because of intervening rights and equities, the position of the parties had so changed that they could not equitably be restored to their original position. Here the position of the parties had not been changed by reason of the alleged delay and all can be restored to their original rights without hurt or injury to any. Apart from the alleged delay there is evidence that G. W. Crase offered to adjust the matter of taxes with appellant and tendered and offered to reimburse her for his proportionate part of the taxes paid by her.

What we have already said discloses want of merit in the contention that the court erred in overruling the special and general demurrers to the petition.

Judgment affirmed.