# Mills v. Hensley et al.

March 1, 1949.

J. J. Tye and J. D. Tuggle for appellant.

H. H. Owens for appellees.

Opinion of the Court by Morris, Commissioner—Affirming.

Appellees, children and grandchildren of Wilkerson Miller, deceased, were plaintiffs below. Mills, who had married one of the daughters, was defendant. In their petition plaintiffs alleged ownership of two tracts of land in Knox County, comprising about 78 acres. All claimed title by inheritance, except Mrs. Hensley who had an undivided interest.

· Plaintiffs alleged that Mills for several years "fraudulently paid taxes on the two tracts for the pur- .pose of depriving them of their title, and was claiming to have a deed, which if it did exist was wholly invalid and that his claim cast a cloud upon their title." They prayed that the deed be held invalid, and that their title be cleared.

Defendant filed general and special demurrers, the first on usual Code grounds, the latter on the ground that there was a misjoinder of parties, and a failure to have all interested parties before the court. The court sustained the special demurrer, the reason not being shown; however, there appears in the record a supple-

mental petition which stated that the complaint raised by the special demurrer "has heretofore been corrected by plea after said demurrer was filed." Demurrers were later filed to the amended pleading, and both were overruled. The ruling of the court upon demurrer is subject to criticism by appellant, who points to Sec. 24 of the Civil Code of Practice, which provides that all parties in interest shall be made either plaintiffs or defendants.

It is not shown in briefs, or otherwise, that there were any parties in interest who were not either plaintiffs or defendants. The curative pleading mentioned in the supplemental petition is not in the record, and no comment on this fact is made by appellant; under these circumstances it may be inferred that the court's ruling on the special demurrer was justified. Appellant contends that the general demurrer should have been sustained because there was no allegation of fraud or mistake; that the acts of an officer cannot be attacked except on allegation of fraud or mistake. The latter ground comes into the argument because Mills claimed that he held a sheriff's deed for the two tracts of land. While it may be true that there is no sufficient allegation of fraud or mistake, it is charged that any deed which appellant claimed to hold was invalid. Appellee insists that a deed may be attacked for invalidity, the burden of showing defects being cast upon the complainant. Hammonds v. Risner, 280 Ky. 40, 132 S.W. 533.

Mills in answer, after general denial, alleged that he was the owner of the two tracts in controversy under a deed of conveyance. He does not give his source of title, but by order of court filed a certified copy of a deed from the sheriff conveying him the two tracts in controversy. The order recites that he filed the deeds "as evidenced herein," a questionable method of adducing evidence, but to the filing as evidence or the entry of the order, there was no objection.

This pleading and taking of some proof brought from plaintiff an amended reply, alleging that the deed was void because: (1) There was no description of property embraced in notice of sale; (2) no public sale; (3) no report of sale filed in the clerk's office showing sale; (4) no after notice of sale to owners by the sheriff

or alleged purchaser. (5) The sheriff had no legal right to make the sale.

In brief for appellant while several of these grounds are touched upon, greater reliance is placed upon ground (2), it being argued that the proof showed that the required notice of the sale was not given to the owners of the property.

The deed filed shows that the sale was made publicly on May 22, 1939, for taxes due by the Wilkerson estate for the year 1938. It recites that all steps required by statute were taken as to pre-notice, advertisement, etc. It recites that Victor Mills being the highest bidder, "became the purchaser at the price of $11.68." While the deed alleges the sale to have been made as stated, the deed was not executed until July 24, 1944, then by a successor sheriff. It does not recite that notice of the sale, that is following the sale, was given by any officer or by the purchaser to the owners.

The proof adduced by the appellees, while quite meager in many respects, makes it quite doubtful if there was a public sale at which Mills became the purchaser, it being shown in a mild way that if there was a sale, the sheriff purchased for the State and County. It may be strongly inferred from a reading of the deed that what happened was that in 1944, Mills went to the sheriff's office and undertook to redeem. However, this is speculative. The whole transaction carries an air of mystery. The fact that the son-in-law undertook purchase, and later accepted a part of the tax money from at least one of the owners, might indicate that the purchase by Mills was for the benefit of the numerous claimants of title, related to him by marriage. However, no trust is plead or relied upon. Another fact which creates some doubt as to validity of appellant's transaction is that as far as the record shows, the sale being made either in 1939 or 1944, appellant has never undertaken to take possession, fragmentary testimony evidencing possession in some of the co-tenants. Again, while the deed recites that no one offered to take a less quantity of the property offered for sale and pay the $11.68 taxes, it is not shown that the sheriff offered for sale either one or the other separate tracts embraced in the deed.

Upon submission, the chancellor held the tax deed

void and directed cancellation, but holding that while appellant voluntarily paid the taxes, he was entitled to a lien on the land for $53.15, these figures appearing nowhere in the record, but about which no complaint is made, as it was in Jones v. Travis et al., 302 Ky. 367, 194 S.W.2d 841, 842, recently decided and which on the question of law mainly argued by appellee, is decided adversely to appellant's contention. In that case it was sought to set aside a tax deed on several grounds, one of which was that the purchaser failed to give the necessary notice within fifty days after the sale. There the purchaser pitched his "whole defense on the theory that the appellant is now estopped to assert her title." Estoppel to attack the sheriff's deed, which as argued is by statute prima facie evidence of verity of sale. What was said in that case is applicable here. We set out the necessary elements to constitute equitable estoppel and found them, as in this case, not sufficient to uphold appellant's contention, which the lower court (Jones-Travis case) had sustained. We reversed, but with directions to adjudge the tax sale purchaser a lien, and gave him opportunity to perfect his claim for expenditures supporting the lien.

It will be noted that one of the grounds for setting aside the sale here was the same as stated in the Jones case; that the purchaser or officer charged with the duty failed to give the after sale notice required by statute. This sale, according to appellant's proof, was made in 1939, while Sec. 4153 was in effect, and which is now indirectly carried into full effect by KRS 134.530. This requires written notice of the sale after made, to the owners, which, with other grounds stated in the Jones case, justified the court in holding "the sheriff's deed to Travis * * * void." Here there is nothing in the record to show the after sale notice was given. Whether this was the point on which the chancellor reached his conclusion is not shown, but it is sufficient, along with the equity (see Jones-Travis case), to conclude that the court's judgment should be and it is affirmed.