# Turner et al. v. Simpson et al.

October 27, 1950.

K. S. Alcorn, Judge.

Adolph Graves for appellants.

Kelly J. Francis for appellees.

JUDGE REES—Reversing.

Alfred Simpson died testate a resident of Lincoln County in 1905. He left surviving him his widow and at least seven children all of whom, except one, are now dead leaving a large progeny. It appears from his will that he also left three grand children, the children of a deceased son. In Item 1 of his will be gave his wife a life estate in one-third of a certain tract of land, and to

his son Harvey Simpson he devised the remaining two-thirds of this tract and the remainder in the other third. In Item 2 he requested the Lincoln County Court to appoint three commissioners to divide the lands given to his children named in this item. He directed that his son Alexander be allotted thirty acres, including the home, and that the rest of his land be divided equally among his other children. The children named in Item 2, aside from Alexander, were Elias, Edmond, Milton, Millie Ann and Jane Southern. The commissioners allotted to Millie Ann and Jane Southern thirty acres each. Item 2 of the will contained this provision: "If any of my children die without leaving children or issue living at the time of their death, the shares of such are to revert to and be divided among my descendants then living according to the law of descent and distribution."

Alexander Simpson died in February, 1932, leaving a widow but no issue, and Millie Ann Simpson and Jane Simpson Southern died in 1930 without issue.

On April 24, 1947, Etta J. Turner, Mary Beasley, George Simpson and Mary Lucy Garth brought an action in the Lincoln Circuit Court against Jessie Hays Hamlet, Mattie Wallace Alcorn, and eight others, and in their petition alleged that Alexander Simpson died without issue in February, 1932; that the plaintiffs and defendants were the joint owners and in possession of the land owned by Alexander Simpson at the time of his death; and they asked that the land be adjudged indivisible and that it be sold and the proceeds divided among the plaintiffs and defendants. On May 17, 1947, the defendants, Jessie Hays Hamlet and Mattie Wallace Alcorn, moved for a continuance on the ground that several necessary parties, including twenty-four children of Georgia Stewart, deceased, William M. Simpson, deceased, and Alfred Simpson, deceased, had not been made parties to the action. The plaintiffs filed an amended petition making defendants all the persons referred to in the motion. The twenty-four children of the three decedents were described as their unknown children and heirs at law. Their relationship to the other parties to the action does not appear. A warning order attorney was appointed for the unknown heirs and certain nonresident defendants named in the amended petition, but he failed to file a report. A warning

order report was filed by the attorney appointed to correspond with three nonresident defendants named in the original petition. In a second amended petition it was alleged that Millie Ann Simpson and Jane Simpson Southern died prior to the death of their brother, Alexander Simpson, and that each owned a thirty-acre tract of land in Lincoln County which had been allotted to them in the division of the land of their father, Alfred Simpson. The tracts were described as Lots 3 and 5 in the division of Alfred Simpson's land, but in the report of the division, which is made a part of the petition, it appears that Lot 3 was set aside to Milton Simpson. It was further alleged that these two tracts were jointly owned in fee simple by the plaintiffs and defendants, and that the property could not be divided without materially impairing its value or the value of the interests of the plaintiffs and defendants, and the plaintiffs prayed, as in their original petition, that the property be sold and the proceeds divided among the owners according to their respective interests. On June 4, 1948, Jessie Hays Hamlet and Mattie Wallace Alcorn each filed a pleading styled "Answer and Cross-Petition" asserting ownership of the three tracts of land. Jessie Hays Hamlet alleged that she was the owner and in possession of the thirty-acre tract allotted to Alexander Simpson, deceased; that she purchased it at a sheriff's sale for taxes due in 1932; and that the sheriff executed and delivered to her a deed in 1936. She filed with her pleadings the certificate of purchase dated June 12, 1933, signed by the sheriff of Lincoln County showing that she had purchased the land for $5.65, the amount due for taxes, sheriff's commission and costs. Mattie Wallace Alcorn alleged in her answer and cross-petition that she was the owner of the two thirty-acre tracts of land referred to in the petition as having been allotted to Millie Ann Simpson and Jane Simpson Southern; that she purchased them at a sheriff's sale for the 1930 taxes; and that the sheriff executed and delivered to her deeds in 1936. Copies of the sheriff's deeds were filed. The first deed recites that Lot No. 6 allotted to Millie Car in the division of the lands of Alfred Simpson was sold on January 9, 1931, and Mattie Wallace Alcorn became the purchaser for $4.35, the amount of the 1930 taxes, sheriff's commission and costs. The second deed recited that Mattie Wallace Alcorn purchased for $4.36 at the

sheriff's sale held February 9, 1931, Lot No. 5 in the division of the lands of Alfred Simpson. The former owner of the land is referred to in the deed as Fannie (Janie) Southerland (Southern). Mattie Wallace Alcorn alleged that she was not a joint owner of the land at the time she purchased it at the sheriff's sale, and Jessie Hays Hamlet made a similar allegation. They asked that the petition be dismissed, and that they be adjudged the owners of the respective tracts. The plaintiffs demurred to each answer and cross-petition, and, without waiving the demurrers, filed replies. The first paragraph of each reply was a traverse, and in the second paragraph it was alleged that the answering defendant was a joint tenant and joint owner with the plaintiffs and other defendants in the present action when the land was purchased at the sheriff's sale, and the purchase was for the benefit and interest of all the owners. Each of the answering defendants filed a rejoinder denying the affirmative allegations of the reply. The rejoinders were filed on March 12, 1949, and the next order was the judgment which was entered June 9, 1949. The judgment reads: "This cause being submitted upon the general demurrer of the plaintiffs to the answer and cross-petition of the defendant Jessie Hays Hamlet and also to the answer and cross-petition of Mattie Wallace Alcorn, and the Court being advised, is of the opinion that the demurrer to each should be, and is now overruled; the plaintiffs being given leave to amend or plead further and declining to plead further or amend, it is the judgment of the court that the petition should be and is now dismissed, to which ruling of the Court the plaintiffs excepted and prayed and appeal to the Court of Appeals, which is granted."

The court apparently overlooked the fact that the pleadings made an issue as to the ownership of the three tracts of land. The petition as amended was not as definite as to the names and the relationship of the parties as it should have been, but it did allege, in substance, that the appellees, Jessie Hays Hamlet and Mattie Wallace Alcorn, were heirs at law of the former owner of the land; that each owned an interest in the land; and that they and the other plaintiffs and defendants were joint tenants. Subsequent pleadings made an issue as to whether Jessie Hays Hamlet and Mattie Wallace Alcorn owned an interest in the land at the time they purchased

it at the sheriff's sale. If they owned an interest in the manner set forth in the petition as amended, they and the other defendants and the plaintiffs were tenants in common. McLeod v. Andrews, 303 Ky. 46, 196 S. W. 2d 473; Stambaugh v. Stambaugh, 288 Ky. 491, 156 S. W. 2d 827. The possession of one tenant in common is presumptively the possession of all coowners, Flanery v. Greene, 289 Ky. 244, 158 S. W. 2d 413, and the law will not permit one tenant in common to make an unconscionable profit at the expense of his cotenants. Hollowell v. Hobby, 284 Ky. 142, 143 S. W. 2d 1078. In Hammonds v. Risner, 280 Ky. 40, 132 S. W. 2d 533, 535, the following from Chapman v. Aldridge, 228 Ky. 538, 15 S.W.2d 454, was quoted with approval: " 'Ordinarily, where land is owned by joint tenants, copartners, or tenants in common, one cannot purchase the land when it is sold for taxes and thereby become vested with the title to the entire tract of land. He has a claim upon the others for reimbursement, but his purchase inures to the benefit of all, and unless they lose their right by laches, their sole obligation is to pay their portion of the taxes for which the property was sold. McGrath v. Smith, 175 Ky. 572, 194 S. W. 806; Cornett v. Burchfield, 142 Ky. 357, 134 S. W. 466; Fields v. Farmers' & Drovers' Bank, 110 Ky. 256, 61 S. W. 258, 22 Ky. Law Rep. 1708.' "

We conclude that the court correctly overruled the demurrers to the answers and cross-petitions, but erred in dismissing the petition since the pleadings had made an issue.

Judgment is reversed for further proceedings.