## Faust v. Louisville Trust Company.

(Decided June 10, 1921.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Appeal and Error—Title to Land—Liens.—Under Ky. Stats., sec. 950, an appeal may be taken to this court as a matter of right from a judgment of the circuit court in all cases in which the title to land or the right to enforce a statutory lien thereon is involved.

2. Appeal and Error—Amount or Value in Controversy.—A purchaser of property at a city tax sale is entitled to be subrogated to the rights and lien of the city, hence this court has jurisdiction of an appeal on the part of such a purchaser who has been denied his statutory lien, although the amount involved is less than $200.

3. Judgment—Agreed Judgment.—Where a judgment is drawn up in obedience to the directions or opinion of the court upon final submission of the controversy, it cannot be said to be an agreed judgment merely because it has the O K of attorneys for both parties, as such notation of approval is a mere indication that it was drafted in accordance with the court's order.

4. Taxation—Municipal Corporations—Liens.—Under Ky. Stats., sec. 3006, the lien for city taxes being superior to all encumbrances, whether made before or after the date of assessment, excepting only state taxes, said lien is prior and superior to a mortgage lien.

LAWRENCE S. POSTON for appellant.

R. A. McDOWELL for appellee.

Opinion of the Court by Judge Quin—Reversing.

Johannah Kelley owned a lot 27x99 feet on the east side of Twelfth street, north of Kentucky, in Louisville.

This property she mortgaged in 1913 to the Louisville Trust Company to secure an indebtedness of $1,350.00.

The taxes due the city of Louisville for 1916 were not paid, and on November 9th of that year the tax receiver, as authorized by statute, sold said property and appellant became the purchaser thereof. The property not having been redeemed within two years following the sale, it was deeded to the purchaser, and this deed was duly recorded in the clerk's office.

Thereafter in a suit instituted by the Louisville Trust Company to foreclose its mortgage it asked to be adjudged a lien superior to all other liens on said property. Appellant, who was made a party to said suit, filed his answer setting up his purchase of the lot at the tax sale aforesaid, and the fact he had paid two subsequent years' taxes, and asked that he be adjudged a prior and superior lien for the amount of his purchase together with the statutory penalties, interest and charges amounting in all to $205.19.

The case was submitted to the chancellor, by whom it was decreed that the lien of the trust company was superior to all other liens; hence appellant was given only a second lien. The property was sold but did not bring sufficient to satisfy the judgment in favor of the trust company. The report of sale was confirmed and the commissioner was ordered and directed to execute a deed to the trust company.

Two grounds are relied upon by appellee to sustain the judgment. First, that the amount involved is less than two hundred dollars and therefore this court is without jurisdiction to hear the appeal (Ky. Stats., sec. 950). But it is expressly provided in said section that an appeal may be taken to this court as a matter of right from a judgment of the circuit court in all cases in which the title to land or the right to enforce a statutory lien thereon is directly involved. Ky. Stats., sec. 3006, gives a lien on property to secure the payment of city taxes, from which it necessarily follows that this court has jurisdiction of the appeal where, as here, appellant as purchaser at a tax sale has been subrogated to the rights and lien of the city.

Second. It is said the judgment appealed from is an agreed judgment from which there can be no appeal. Generally speaking, in the absence of fraud or mutual mistake, the court will not set aside an agreed order or judgment. First National Bank, &c. v. Bickel, 154 Ky. 11, 156 S. W. 856; Karnes, etc. v. Black, etc., 185 Ky. 410, 215 S. W. 191.

However, the judgment in this case is not an agreed judgment. We have been furnished with a certified copy of the original upon which appears the O K of attorneys for both parties, but this does not make it an agreed order. It is recited in said judgment that:

"This action having been submitted, on the pleadings and exhibits filed, and the defendants being properly summoned and the court being sufficiently advised, it is adjudged by the court that plaintiff, Louisville Trust Company, recover, etc."

In other words the judgment is that of the court following a submission on the merits. The O K of counsel is no more than a notation that the order was drawn in obedience to the opinion of the court. It has none of the attributes of an agreed judgment. Agreement implies assent or acquiescence, and neither is shown to exist in the present instance. As said in Karnes, etc. v. Black, etc., *supra*:

"A judgment by consent of parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, and it is placed upon and becomes of record, by the consent and sanction of the court. The court does not settle the grounds or the terms of it; it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; and, therefore, the court cannot amend, modify or correct it, except by the consent of all the parties to it."

The O K of counsel does not alter the character of the order. It can hardly be contended plaintiff's counsel would consent of record that an order might be entered adjudging him to have a second lien on property upon which, by his pleadings, he was asserting (as he had a right to do under the statute), a lien prior and superior to all other liens.

By Ky. Stats., sec. 3006 (a part of the charter of cities of the first class), it is provided that the lien for city

taxes shall be superior to homestead right and to all encumbrances, whether made before or after the date of assessment, except state taxes, and shall take precedence of dower, curtesy, remainders, reversions or future estates. Davies' Ex'r v. City of Louisville, 171 Ky. 663, 188 S. W. 911.

The facts of the present case are not dissimilar to those in Hall, et al. v. Hall, et al., 174 Ky. 356, 192 S. W. 76, which involved the priority of lien as between mortgagees and the purchaser at a sheriff's tax sale. The property not having been redeemed, as permitted by Ky. Stats., sec. 4154, the sheriff conveyed it to the purchasers at the tax sale, and the court held these purchasers (grantees in the deed from the sheriff), acquired a fee simple title to the property subject to the mortgage liens, which latter liens were in turn subject to the paramount lien of the purchaser at the tax sale for the amount of taxes, statutory penalties and interest. Such is the case here. Appellant was clearly entitled to the statutory lien for the amount expended by him, which is found by the court to be $205.19, and in so far as the court in its judgment and confirmation of sale decreed that appellant was entitled to a second lien only, it erred.

It will not be necessary to order a resale of the property, but the purchaser and mortgagee will be required to pay to appellant the amount of his judgment with legal interest and costs, to secure the payment of which he will be given a lien on the property sold.

The judgment is accordingly reversed for further proceedings consistent herewith.