## Interstate Bond Co. v. Home Owners Loan Corporation.

March 1, 1940.

Richard Priest Dietzman, Judge.

D. L. Street and Arthur Smith, Jr., for appellant.
Gilbert Burnett for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming on original appeal and affirming in part and reversing in part on cross-appeal.

The Interstate Bond Company, at the annual sale of property for delinquent taxes held by the City of Louisville in 1935, purchased for the amount of the delinquent tax bill for that year a piece of property then under mortgage to the Home Owners Loan Corporation. The amount for which the property was purchased by HOLC included interest on the 1935 taxes from May 1 at one-half of 1% per month and the July 1 penalty of 10%, which interest and penalty were due by virtue of

Section 2998, Kentucky Statutes. The total amount of the tax bill, interest and penalty was $29.83. The owner of the property did not redeem it from this sale nor did he pay either the 1936 or 1937 city taxes.

In November, 1937, Interstate procured a tax deed for the property by paying the amounts claimed by the City on the delinquent 1936 and 1937 taxes. The amounts claimed by the City on these bills included interest at one-half of 1% per month to November 12, 1937, and a July 1 penalty of 10% so that the amount paid by Interstate to the City for 1936 taxes was $30.93 and for 1937 was $28.99.

The present action was filed by the holder of a street assessment lien to enforce that lien on the property and HOLC and Interstate were made parties. HOLC by answer and cross petition sought to enforce its mortgage lien and Interstate by its answer and cross petition asserted its lien for the 1935, 1936 and 1937 taxes, interest and penalties paid by it and in addition thereto claimed the right by virtue of Section 3002, Kentucky Statutes, to a 5% penalty and interest at the rate of 1% per month from November, 1935, on the 1935 tax bill until paid and on the 1936 and 1937 bills a 5% penalty and interest at the rate of 1% per month from November, 1937, the date of its tax deed, until paid. It also prayed to be adjudged to have a fee simple title to the property by virtue of its tax deed.

HOLC denied the right of Interstate to a lien for more than 6% per annum interest on the amounts actually paid by Interstate from the respective dates of payment and further denied the right of Interstate to collect the July 1 penalties of 10% on the 1936 and 1937 tax bills, or any interest on same.

On the issues formed between Interstate and HOLC a declaration of rights was made by the chancellor in which he held that from the proceeds of the sale of the property Interstate was entitled to be paid as follows:

(1) The 1935 tax bill of $29.83 (which included the July 1 penalty of 10%) together with a 5% penalty and interest at the rate of 1% per month from November, 1935, to November, 1937 (the end of the redemption period), and interest thereafter at 6% per annum until paid.

(2) The 1936 tax bill of $30.93 and the 1937 tax bill of $28.99, paid by Interstate to the City, with 6% interest thereon until paid, these amounts including the July 1 penalties of 10% on each of the sums.

On this appeal Interstate contends that it should have been adjudged a lien as follows:

(1) On the 1935 bill, a 5% penalty and interest at the rate of 1% per month from November, 1935, *until paid*.

(2) On the 1936 and 1937 bills a 5% penalty and interest at the rate of 1% per month from November, 1937, until paid.

HOLC prosecutes a cross appeal, contending that the judgment of the chancellor was erroneous in so far as it permitted recovery:

(1) For the 5% penalty and the penal interest on the 1935 bill during the two-year redemption period.

(2) For the July 1 penalties of 10% paid by Interstate on the bills for 1936 and 1937.

It concedes that Interstate has a lien superior to its mortgage lien but contends that the chancellor erroneously adjudged the amount of this lien in the particulars mentioned.

The contention of Interstate that it is entitled to the 5% penalty and penal interest provided by Section 3002 is based entirely on the fictitious premise that HOLC is seeking to redeem the property from the tax sale. By the provisions of that section the owner of real estate sold for taxes, as well as "his heirs, representatives, and assigns," is given the right to redeem real estate sold for taxes at any time within two years from the date of the sale by paying the amount of the purchase price with a 5% penalty and interest at 1% per month from the day of the sale. Interstate, in its argument, assumes that HOLC has no right except a redemption right but we regard that position as unsound.

In Drane v. Graves, 261 Ky. 787, 88 S. W. (2d) 927, Faust v. Louisville Trust Co., 192 Ky. 3, 232 S. W. 58, and Hall v. Hall, 174 Ky. 356, 192 S. W. 76, it is held that a tax deed executed at the end of the two-year redemption period as provided in Kentucky Statutes, Sec-

tion 3004, does not wipe out a mortgage lien. The substance of those decisions was that the holder of the tax deed takes a fee simple title to the property, subject to existing mortgage liens, which liens are in turn subordinate to the paramount lien given the holder of the tax deed to the property for the amount of the tax, statutory penalties and interest paid by the holder therefor. We do not deem it necessary to decide whether or not a mortgagee has a right to redeem property as against a tax purchaser to whom a tax deed has been executed at the end of the two-year redemption period since HOLC is not seeking to redeem but is only seeking to assert its mortgage lien which it has a right to do under the authorities cited above. As a matter of fact HOLC, in its pleadings nowhere claimed a right to *redeem* the property and Interstate by its answer and cross petition prayed to be adjudged the owner of the fee simple title under its tax deed. Further, the two-year period allowed for redemption had passed and a tax deed for the property was held by Interstate.

Since HOLC is merely asserting its mortgage lien on the property and is in no sense seeking to redeem it from the tax sale, the 5% penalty and 1% per month penal interest provided in Section 3002 have no application. That penalty and penal interest are imposed only on the owner, "his heirs, representatives, and assigns" who seek to *redeem* the property. Such penalty and penal interest are imposed as an additional penalty on the owner for his delay in the payment of his taxes and as a price for the *right of redemption*—they are not imposed on a mortgagee who has no duty to pay the taxes and who seeks, not the right of redemption, but the mere right to assert his mortgage lien.

In view of our conclusion that the penalty and penal interest provided for by Section 3002 are not applicable to a mortgagee seeking merely to enforce his mortgage lien, the chancellor correctly held that Interstate was not entitled to the 5% penalty and penal interest on the 1935 tax bill after the two-year redemption period and also correctly held that Interstate was not entitled to that penalty and penal interest on the 1936 and 1937 bills. For the same reason the judgment was erroneous in so far as it allowed Interstate that penalty and penal interest on the 1935 bill during the two-year redemption period.

The conclusions enunciated dispose of both contentions made by Interstate on the original appeal and of the first contention made by HOLC on the cross appeal, leaving for consideration the second contention made by HOLC on the cross appeal, that Interstate is not entitled to a lien for the July 1 penalties of 10% paid by it to the City on the tax bills for 1936 and 1937.

Section 3004 provides that at the expiration of the two-year redemption period the tax receiver shall convey the property to the purchaser. Before receiving the tax deed the purchaser is required "to pay all later tax bills owing to the city, with interest, as provided in Section 2998, which were assessed against that property after the assessment of the tax for which it was sold." It is argued by HOLC that as this section requires the purchaser to pay to the city the tax bills with *interest,* as provided in Section 2998, and does not mention *penalties,* Interstate has no lien for these penalties although it actually paid them to the City. It is pointed out that in every instance in the Statutes dealing with these tax matters where penalty was intended the word "penalty" was actually used. There is some plausibility in this argument but we cannot escape the conclusion that it was clearly intended by Sections 2998 and 3004 that in cases such as this the City should collect and the tax purchaser, on receiving his deed, should pay these 10% penalties. Undoubtedly, Section 2998 imposes a 10% penalty on the delinquent taxpayer. If he pays the taxes after July 1 during the two-year period during which the right of redemption may be exercised, he is required to pay this penalty. A mortgagee, who claims through the owner, has no greater rights than the owner, except where such rights are expressly conferred by statute.

The concluding sentence in Section 2998 provides that on the first day of July "there shall be added to all tax bills then unpaid a penalty of ten per cent (10%) on the face of the bill." It will be observed that the above quoted language of Section 3004 requires the tax purchaser to pay, not all later *taxes* owing to the City, with interest, but "all later tax bills." As Section 2998 requires that a 10% penalty be added to all tax bills we regard the language of Section 3004 requiring the payment of all later *tax bills* to mean the payment of such

tax bills with the 10% penalty added as provided in Section 2998. In view of this conclusion the chancellor was correct in adjudging that Interstate was entitled to be paid the 10% penalties paid by it to the City on the 1936 and 1937 tax bills.

The judgment is affirmed on the original appeal and is affirmed in part and reversed in part on the cross appeal with directions to enter a judgment in conformity with this opinion.