### NEILL et al. v. WOOSTER.

No. 3956.

Court of Civil Appeals of Texas. El Paso. June 20, 1940.

Rehearing Denied July 13, 1940.

W. B. Stowe and T. D. Kimbrough, both of Midland, for appellants.

Coffee & Coffee, of Big Spring, for appellee.

PRICE, Chief Justice.

This action was instituted in the District Court of Midland County by Anna Faye Neill, as plaintiff, joined by her husband, against W. J. Wooster, as defendant. Plaintiff sought an injunction against defendant restraining him from having sold under an execution issuing on a judgment in his favor against H. B. Dunagan certain lots in the City of Midland. Ground for the injunction was that the property belonged to plaintiff, and not to H. B. Dunagan, and that same was not subject to the judgment against said Dunagan. Defendant answered by general denial, specially that the property was the property of H. B. Dunagan, being the community property of said Dunagan and wife; further, that he held a judgment rendered in the District Court of Howard County against said Dunagan in the sum of $1,436.02; that said judgment was duly spread upon the records of the District Court of Howard County, and same had been abstracted in Midland County. Defendant Wooster, by way of cross action, pleads this same judgment, and it is alleged by reason of the abstracting thereof in Midland County to be a lien on the land in controversy. In this cross action H. B. Dunagan, H. B. Dunagan, Jr., and C. M. Dunagan were made defendants. Said new defendants and plaintiff all filed answer to this cross action.

The case was tried to a jury, special issues submitted, and on the findings judgment rendered that plaintiffs take nothing against defendant Wooster, and in favor of said named defendant on his cross action, adjudging as against plaintiffs and cross-defendants a foreclosure of the judgment lien against the property in the sum of $2,199.13 and costs of suit. From this judgment the plaintiffs and cross-defendants duly perfected this appeal.

**534**

Appellants have filed no brief herein, hence the case is before the Court without assignments of error. The extent of our power is to examine the record for fundamental error. This we have done, and in our opinion such error does not appear therefrom.

It is ordered that the judgment be in all things affirmed.