## Interstate Bond Co. v. Williams et al.

May 19, 1942.

D. L. Street and Arthur R. Smith, Jr., for appellant.

Woodward, Dawson & Hobson, J. Paul Keith, Jr., and James E. Fahey for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Certain property of the appellees, Franklin P. Williams and E. C. Williams, in Louisville, was sold for nonpayment of 1937 city taxes on November 18, 1937, to the appellant, Interstate Bond Company, the amount, with interest and penalties, being $402.93. Section 3002 of the Statutes gave them two years in which to redeem their property, but they made no offer to do so. However, they paid the City the ensuing taxes for 1938 and 1939. On November 22, 1939, the Tax Receiver of Louisville made a deed to the property to the Interstate Bond Company. More than a year afterward, in January, 1941, the appellees tendered the purchaser $577.08 for the redemption of their property, the sum being the principal, interest, penalties and costs that had accrued, but the tender was declined, the company maintaining that it had a fee simple title to the property by reason of the tax deed.

This suit was filed by the appellees against the appellant to remove the cloud on and to quiet their title. This brought up the issue as to the validity of the tax deed. The plaintiffs paid into court a sufficient sum to satisfy all claims the defendant might have by reason of its purchase at the tax sale. There was no issue of fact and on the pleadings the court granted the relief prayed

by the plaintiffs and directed the defendants to execute a quit-claim deed to them, but if they should fail within ten days the commissioner of the court was ordered to do so. The appeal follows.

Following several sections of the Statutes relating to the collection of delinquent taxes and sale of property in satisfaction thereof, including provisions in Section 3002 for the right of redemption by the owner or his representative within two years from the date of sale, is Section 3004, the pertinent part of which is as follows:

"If the land be not redeemed within two years from the date of sale, a fee simple title shall vest absolutely in the purchaser, subject only to state taxes. Thereupon the tax receiver then in office shall convey the property by deed to the purchaser who shall then be entitled to possession of the property, and have the right to recover same by suit or motion, as may be found most appropriate; provided, that it shall be the duty of a purchaser other than the city, to pay all later tax bills owing to the city, with interest, as provided in Section 2998, which were assessed against that property after the assessment of the tax for which it was sold, and the tax receiver shall not convey the property to such a purchaser until all such tax bills have been paid. Such deed shall be prima facie evidence of the regularity of the sale, and of all prior proceedings and title in the person to whom the deed has been executed."

We have construed this statute in several cases, but the questions were confined to the priority of liens as between the purchasers at the tax sales and mortgagees, the construction being that a purchaser, as is declared in the Statutes, acquires a fee simple title to the property, subject to the mortgage lien, but in turn it is inferior to the lien for taxes satisfied by the purchaser because he is subrogated to that extent to the rights of the taxing authority. Faust v. Louisville Trust Company, 192 Ky. 3, 232 S. W. 58; Drane v. Graves, 261 Ky. 787, 88 S. W. (2d) 927, 929; Interstate Bond Company v. Home Owners Loan Corporation, 282 Ky. 569, 139 S. W. (2d) 69. In the instant case the appellees recognize the purchaser's lien, and upon its failure to accept satisfaction they paid the money into court where it is now held subject to the decision of the question of validity of the conveyance by the tax receiver.

If the conveyance was authorized, then under the statute the purchaser acquired a fee simple title. It is to be noted that Section 3004 of the Statutes contains a proviso as to the condition upon which the tax receiver shall convey the title at the expiration of the redemption period of two years, namely, "that it shall be the duty of a purchaser other than the city, to pay all later tax bills owing to the city, with interest, as provided in Section 2998, which were assessed against that property after the assessment of the tax for which it was sold." Here the purchaser did not pay those intermediate taxes—they were paid by the owners. Thus a condition to the vesting of title did not exist and the tax receiver was without authority to execute the deed. We realize that is a strict construction, following the letter of the law. But it is a well recognized rule that proceedings for the sale of land for taxes must closely conform to the statutory requirements and that those terms must be strictly construed against the purchaser in favor of the owner. The judicial treatment of tax sales is uniformly rigid. Ordinarily the delinquent tax and the amount for which the purchase of the property is made is relatively very small. By making reimbursement and giving the purchaser ample compensation by way of interest and penalties, he is more than made whole and the property is saved to the owner. Brachey v. Peddicord, 199 Ky. 75, 250 S. W. 511; Smith v. Isom, 257 Ky. 554, 78 S. W. (2d) 752; Hammonds v. Risner, 280 Ky. 40, 142 S. W. (2d) 533.

Because of the failure of the purchaser to comply with the conditions upon which title would vest, the tax receiver was not authorized to convey the title; hence the deed was ineffectual and invalid, as the trial court adjudged.

Judgment affirmed.