**C. C. BRUNNER, Appellant,**

**v.**

**Louise E. BELL, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1956.

Rehearing Denied June 8, 1956.

C. L. Bell, Josiah B. Gathright, Louisville, for appellant.

James A. Crumlin, Louisville, for appellee.

CAMMACK, Judge.

Louise Bell, the appellee, instituted this action to quiet title to real estate claimed by her in the City of Louisville. C. C. Brunner, the appellant, asserted title to the land by virtue of a tax deed issued by the Tax Receiver of the City of Louisville. The appeal is from a judgment holding the tax deed void.

Brunner purchased, at public sale, a tax bill for unpaid city taxes on the property in question for the year 1950. The appellee failed to redeem the property within the next two years, as permitted by KRS 91.-510(1), and a tax deed was thereupon issued to the purchaser of the tax bill, as provided by KRS 91.540. Brunner paid the city taxes for the years 1950, 1951, and 1952.

In her deposition the appellee said that she attempted to pay the city taxes in 1952, but her money was refused by a clerk at the Tax Receiver's office. She was informed that her taxes had already been paid, but the clerk was unable to tell her who had paid them. She was not informed that a tax bill to her property had been sold, and was not told of her statutory right of redemption.

The appellee attacked the validity of the tax deed by an allegation that, at the time of the sale of her real estate for unpaid city taxes, she owned personal property, valued at more than one thousand dollars, which could have been levied upon, and which would have more than satisfied the tax claim. Brunner does not dispute that assertion, but relies solely upon his tax deed to support his claim to the property.

Brunner contends that the trial court's judgment is erroneous due to the provisions of KRS 91.480(3). That statute states in part, " * * * no levy or attempted levy upon personal property shall be necessary to validate any sale of real property, whether for taxes on real property, personal property or both." The provision, lifted out of context, would seem to sustain his contention; but its real meaning can be obtained only by reading it in conjunction with other related provisions of the statutes.

KRS 91.470 expressly provides for the sale of personal property for the satisfaction of city taxes. It states in part that " * * * the tax receiver shall, immediately upon the filing of the lists of unpaid tax bills, distrain the personal property owned or in the rightful possession of the taxpayer, notwithstanding the existence of any lien, except the lien for state taxes, upon the property, and may proceed to sell the title of the taxpayer in a sufficient amount of the property to pay the tax, penalties, interest and costs." *Following* that provision, KRS 91.480 provides for the sale of real property to satisfy city taxes. Subsection 1 provides for such sales "If no personal property is reasonably available out of which the tax bill can be collected by distraint * * *."

When the language of KRS 91.-480(3), upon which Brunner relies, is considered in the light of the foregoing sections of the statutes, we think it means that no levy or attempted levy upon personal property is necessary to validate a sale of real property *if such levy or attempted levy would necessarily be futile and useless.* Typical situations where the statute would apply would be where the Tax Receiver knows that no personal property exists, or that existing personalty is exempt from execution, or encumbered previously by superior liens which, in any event, would exhaust its entire value. In such situations, and perhaps others, of course, real property of the delinquent city taxpayer can be sold without first levying or attempting levy on his personal property. This interpretation is consistent with that which we have applied to earlier statutes treating the same subject. See Taylor v. City of La Grange, 262 Ky. 383, 90 S.W.2d 357, and Allin v. City of Harrodsburg, 247 Ky. 360, 57 S.W. 2d 45, wherein we held that city tax collecting officers must exhaust personal property of the delinquent before proceeding against his realty.

In the case before us, it is undisputed that the appellee's personal property

could have been levied upon to satisfy fully the City's tax claim against the property. Under these circumstances, the sale of the real property, without first exhausting the available personal property, was contrary to the statutes, as we construe them. We have held consistently that proceedings to sell property for taxes must conform to statutory provisions, and proceedings which fail to do so are void. See Interstate Bond Co. v. Williams, 290 Ky. 850, 162 S.W.2d 770; Smith v. Isom, 257 Ky. 554, 78 S.W.2d 752.

Hence, the deed upon which Brunner relies is void; and the trial court properly quieted the appellee's title to her real property.

The judgment is affirmed.