Ralph RICHARDSON, Appellant,

v.

C. C. BRUNNER et al., Appellees.

Ralph RICHARDSON, Appellant,

v.

C. C. BRUNNER, Appellee.

Court of Appeals of Kentucky.

Feb. 2, 1962.

Rehearing Denied May 4, 1962.

Robert Hubbard, Frank E. Haddad, Jr., and H. E. Rose, Louisville, for appellant.

C. L. Bell, J. B. Gathright, Frances M. Thompson, Louisville, Troy D. Savage, Asst. Atty. Gen., for appellees.

CULLEN, Commissioner.

These consolidated appeals are from judgments in two separate cases. One appeal is from a judgment overruling a motion by appellant Richardson under CR 60.02 to set aside a previous judgment in an action in which appellee Brunner was plaintiff and Richardson was defendant, involving a tax title to a tract of real estate in Louisville. The other appeal is from a judgment dismissing an action brought by Richardson against Brunner, involving another tract of real estate for which Brunner held a tax deed. For convenience we shall designate the appeals as Case No. 1 and Case No. 2.

### Case No. 1

On October 22, 1956, in an action brought by Brunner against Richardson, a default judgment was entered against Richardson, adjudging that Brunner had valid title to a certain tract of land in Louisville by virtue of a deed issued under KRS 91.540 upon a sale of the land for city taxes owed by Richardson. Four successive motions by Richardson under CR 55.02 and 60.02, to set aside that judgment, were overruled by orders of the circuit court and those orders were affirmed by this Court. See Richardson v. Brunner, Ky., 327 S.W.2d 572; Richardson v. Commonwealth, Ky., 328 S.W.2d 154. The instant appeal is from a judgment overruling a fifth motion by Richardson under CR 60.02.

The ground of the fifth motion was that KRS 91.540, under which the tax deed was executed to Brunner, is unconstitutional, for which reason, it is claimed, the judgment is *void*. This ground is without merit because it is the rule in Kentucky, and the virtually unanimous rule of other jurisdictions, that a judgment based upon or rendered under an unconstitutional statute is not void. Commonwealth ex rel. Dummit v. Jefferson County, 300 Ky. 514, 189 S.W.2d 604, 167 A.L.R. 512; 30 Am. Jur., Judgments, sec. 19, p. 172. So Richardson's motion under CR 60.02 could not put in issue the question of the constitutionality of the statute.

The judgment overruling the motion was proper.

We deem it appropriate to make the comment that there may be some ultimate limit in law upon the number of motions that may be filed to set aside a judgment under CR 60.02.

### Case No. 2

The second case concerns a different tract of land from that involved in Case No. 1. In 1958 Brunner received a city tax deed for this tract, under KRS 91.540, following a sale of the tract for delinquent 1956 taxes owed by Richardson. Action was brought by Richardson against Brunner and others, seeking a declaration that KRS 91.540 is unconstitutional and an adjudication that Richardson had title to the tract subject only to a lien in favor of Brunner for the delinquent taxes, penalties and interest. Judgment was entered dismissing the action on the ground that the complaint as amended failed to state a claim on which relief could be granted.

Richardson asserted three grounds of unconstitutionality of the statute: (1) It violates various rights of the taxpayer and various constitutional provisions because it authorizes the city tax receiver to execute a deed conveying absolute fee simple title to the purchaser at the tax sale, without affording the taxpayer a hearing *before* execution of the deed on the question of whether all of the requirements of the statutes relating to levy, sale and redemption have been complied with; (2) it would permit the tax receiver to convey a fee simple title even though he had given the taxpayer false or misleading information so as to cause the taxpayer to fail to exercise his right of redemption; (3) it authorizes the execution of a tax deed even though the purchase price at the tax sale was considerably less than the value of the land, thus amounting to a taking of property for a public purpose without paying just compensation, in violation of Sections 13 and 242 of the Kentucky Constitution.

It is significant that the pleadings do not allege any actual failure of the tax authorities to comply with the statutory requirements relating to levy, sale and redemption, in regard to Richardson's tract of land.

It is our opinion that the first ground has no merit, because the firm construction of KRS 91.540 has been that a deed executed under it is not valid unless the proceedings for the sale of the property were in compliance with all statutory requirements. See Interstate Bond Co. v. Williams, 290 Ky. 850, 162 S.W.2d 770; Brunner v. Bell, Ky., 290 S.W.2d 461. Under our decisions the taxpayer is not deprived of an opportunity to question the validity of the proceedings *after* the deed is executed.

Since the deed does not foreclose all rights of the taxpayer, there is no provision or principle of the Constitution that requires he be given opportunity for a hearing *before* rather than after the deed is executed.

The cases relied upon by the appellant, such as City of Louisville v. Cochran, 82 Ky. 15, and Maguiar v. Henry, 84 Ky. 1, involved *curative* statutes which undertook to deprive the taxpayer of substantial defenses and to prevent him ever from raising certain issues concerning the validity of the tax proceedings. There is no such deprivation or prevention here.

Board of Levee Commissioners of Fulton County v. Johnson, 178 Ky. 287, 199 S.W. 8, L.R.A.1918E, 202, also relied upon by the appellant, likewise is not applicable because it dealt only with the right of the taxpayer to be heard before the *assessment* of a tax. It is no authority for the proposition that the taxpayer must be given a hearing after sale for delinquency and before execution of the tax deed.

By way of clarification, we perhaps should point out that the statute here in question does not prevent the taxpayer from questioning *in court* the validity of the tax sale proceedings either before or after the execution of the tax deed. What Richardson complains of is that the statute does not specifically provide for a hearing before the *tax authorities* before the deed is executed. In our opinion the Constitution does not require such a provision. The statutes contain adequate provision for notice of the tax sale.

The second ground of attack upon the statute also is without merit. If the tax receiver were guilty of conduct misleading the taxpayer in such a way as to cause him not to exercise his right of redemption the courts would provide appropriate relief. Brunner v. Bell, Ky., 290 S.W.2d 461, relied upon by the appellant, does not suggest otherwise. In fact, in that case the tax deed was held void because of a failure of the tax authorities to comply strictly with the statutes.

The third ground of attack is based upon the premise that a sale of land for delinquent taxes constitutes a taking for a public purpose. This premise obviously is fallacious. The sale is nothing more than a step in the foreclosure of a lien imposed under the taxing power. The statutes call for a public sale, upon adequate notice, thus providing reasonable assurance of the property's bringing a fair price, and a reasonable redemption period is prescribed. If in fact a particular piece of property is sold for a grossly inadequate price perhaps the taxpayer might be entitled to some form of equitable relief, assuming he could show an adequate excuse for not having exercised his right of redemption. But the possibility that such a sale might occur is not a ground for holding the statute unconstitutional. The statute provides adequate means by which the rights of the taxpayer may be protected.

The judgments on both appeals are affirmed.