Lula **BARNETT** et al., Appellants,

v.

**COMMONWEALTH of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1978.

Discretionary Review Denied
June 27, 1978.

Retta Davis Tusia, Louisville, for appellants.

Michael A. Hendricks and Ewing Hardy, Louisville, for appellees.

Before HAYES, VANCE and WINTERSHEIMER, JJ.

VANCE, Judge:

The question is whether an individual purchaser of real property at a tax lien foreclosure sale pursuant to KRS 134.490 takes the property free of any right of redemption by the owner.

The Commissioner of Revenue acquired a certificate of delinquency as a result of the purchase of delinquent tax claims assessed against appellants' property. KRS 134.-450(2). Such certificates may be satisfied through foreclosure proceedings. KRS 134.490(2). The Commissioner of Revenue instituted foreclosure proceedings against appellants to satisfy the certificate of delinquency and a judicial sale of the property was ordered. H. R. Schroerlucke was the highest bidder at the sale and paid the bid price to the Master Commissioner.

Before confirmation of the Master Commissioner's report of sale, the owner moved for leave to redeem the property. The motion was denied and the Master Commissioner was ordered to execute a deed to the purchaser.

KRS 134.490(3) provides:

Where property is sold pursuant to a judgment of foreclosure, it shall not be appraised as in other foreclosure proceedings and there shall be no right of redemption except as provided in KRS 134.-510. . . .

KRS 134.510(3) provides:

Any real property acquired by the state, county and taxing districts pursuant to KRS 134.490 may be redeemed at any time before the commissioner gives a deed to a purchaser, by paying to the county clerk the amount due at the time the property was acquired, plus subsequent costs and interest at the rate of six percent per annum. (1966 c. 239, § 139, Eff. 6–16–66)

■ KRS 134.510(3) applies only to property acquired by the state, county and taxing districts at a sale pursuant to KRS 134.490. By its terms, it does not apply when the purchaser is an individual. Because KRS 134.490(3) provides that no right of redemption shall exist except as provided in KRS 134.510, it necessarily follows that an owner has no right of redemption whatever if someone other than the state and its taxing units becomes the purchaser at the sale.

■ We find no ambiguity in the language of the statute. The commissioner referred to in KRS 134.510(3) is the Commissioner of Revenue and not the Master Commissioner. This is manifest from the definition section of the statute which specifies that "commissioner" means the Commissioner of Revenue. It is also evident from the immediately preceding section of the statute which deals with sales of property acquired by the state by the Commissioner of Revenue.

In *Interstate Bond v. Hood*, 290 Ky. 850, 162 S.W.2d 770 (1942) it was said:

But it is a well recognized rule that proceedings for the sale of land for taxes must closely conform to the statutory requirements and that those terms must be strictly construed against the purchaser and in favor of the owner. The judicial treatment of tax sales is uniformly rigid. Ordinarily the delinquent tax and the amount for which the purchase is made is relatively very small. By making reimbursement and giving the purchaser ample compensation by way of interest and penalties, he is more than made whole and the property is saved to the owner.

The result reached here is exceedingly harsh. It is not an expression of this Court as to what we would like the law to be, but what it is. It is the unquestioned right of the general assembly to deny or limit redemption of property sold at judicial sales. Harsh as it may seem, with respect to tax sales, the general assembly has stated in unambiguous language that no right of redemption shall exist unless the property is acquired at the sale by the state, county, and taxing districts and then only so long as the Commissioner of Revenue has not sold the property to another purchaser and given a deed therefor.

■ In the absence of ambiguity, we must determine the intention of the legisla-

ture from the words of the statute and what the statute says is clear.

 Appellants contend that a bidder at a judicial sale acquires no right in the property until confirmation of the sale and that the successful bidder here has no standing to defend the sale. The successful bidder, however, has always had standing to file exceptions to the sale. His standing was confirmed in *Kentucky Farm Bureau Mutual Insurance Co. v. Conley*, Ky., 498 S.W.2d 122 (1973).

We also note that appellants' motion to redeem the property was not accompanied by a tender of payment of the amount of the tax lien plus costs of sale, so far as is shown by this record.

The judgment is affirmed.

All concur.